WILLIAM E. FLANDERS, *Plaintiff in Error,* v. GEORGIA SOUTHERN AND FLORIDA RAILWAY COMPANY, *Defendant in Error.*

Opinion Filed December 9, 1914.

1. At common law, no right of action existed in anyone to recover damages for the death of a person. Any statutory right

of action given to recover damages for the wrongful death of a person, must be instituted and maintained by the persons and for the damages as stated in the statute conferring the right of action; and the action must be brought within the time fixed by the statute.

2. Whenever a valid Federal regulation covers a subject within the sphere of the Federal law, it is paramount; and any and all conflicting State regulations of such subject are *ipso facto* wholly excluded therefrom. Otherwise the Federal enactments would not be the Supreme law of the land, and the Federal authority would not be paramount within its sphere of operation.

3. If the facts on which a cause of action must rest bring the cause within the operation of the paramount Federal Statute, it is quite immaterial how or when the real facts developed in the progress of the cause.

4. When the facts of a case, whether developed by the pleadings or by the evidence, bring the Federal law regulating interstate commerce into operation, such law is paramount and excludes all conflicting State regulations, even though the facts are commingled with other facts showing an intrastate operation at the same time by the same parties and by the means used by them.

5. Where a decedent was fatally injured while he was employed in the interstate commerce as an employee of a "common carrier by railroad," as a proximate result of the negligence of the carrier, the dominant Federal law controls and is exclusive, even though the decedent and the carrier were also engaged in intrastate commerce.

6. Procedure is not of substance or at all material where the facts on which the cause of action rests do not authorize the action as brought to be maintained.

Writ of error to Circuit Court for Duval County; Geo. Couper Gibbs, Judge.

Judgment affirmed.

*W. M. Toomer,* for Plaintiff in Error;

*John C. Cooper & Son,* for Defendant in Error.

WHITFIELD, J.—In his individual capacity Flanders brought an action against the railroad company under the General Statutes of 1906 to recover damages for mental pain and suffering and for loss of services caused by the alleged wrongful death of his minor child, Charles Emory Flanders, the declaration alleging that the decedent was an employee of the defendant "as a switchman on the railroad yards, Y's and terminals of said company, at and near Palatka, Putnam County, Florida, his said death having resulted from the passing over his body of a locomotive engine of said defendant," at Palatka, and that such death was caused by stated negligence of the defendant railroad company. The defendant pleaded not guilty, and that the alleged injury was caused solely by the negligent acts of the decedent. Issue was joined on these pleas. Later, a special plea of assumed risk was filed. A demurrer to this special plea was overruled. By leave of court and over the objection of the plaintiff a further plea was filed as follows: "That the said Charles Emory Flanders, mentioned in plaintiff's declaration, at the time of the injury causing his death and immediately prior thereto, was employed as a switchman by this defendant, a common carrier by railroad, operating a line of railroad between and through the States of Georgia and Florida, and, among other points, between the City of Valdosta in the State of Georgia, and the City of Palatka in the State of Florida, and engaged in commerce between said States, and that the said Charles Emory Flanders, at the said

31—Vol. 68

time of the injuries causing his death, and immediately prior thereto, was acting as such switchman in the operating and handling of a certain train of the defendant running between the city of Valdosta in the State of Georgia and the city of Palatka in the State of Florida, and which train had just arrived in the city of Palatka in the State of Florida from the city of Valdosta, in the State of Georgia, and was then and there being handled and operated in the city of Palatka, Florida, by employees of said defendant, including said Charles Emory Flanders, preparatory to its leaving the city of Palatka in the State of Florida for a continuous movement of said train from said city of Palatka in the State of Florida, through portions of the State of Florida and through portions of the State of Georgia to the city of Valdosta in the State of Georgia, and that the said injuries of the said Charles Emory Flanders, resulting in his death, occurred while he was thus engaged in such commerce between the States of Georgia and Florida, and while the defendant was thus engaged in operating its said train between and through the said States of Georgia and Florida, and that under and by the terms of the Act of Congress of the United States of America in such cases made and provided the defendant is made liable to and the right of action, if any, is given to and vested in the personal representatives of said Charles Emory Flanders, deceased, for the benefit of certain persons therein named, including the parents of the said Charles Emory Flanders, deceased, and that the plaintiff in this cause is the father of said Charles Emory Flanders, deceased, and that the plaintiff in this cause is not such personal representative of said Charles Emory Flanders, deceased, and this action is not brought or maintained by plaintiff as such representative of Charles E. Flanders,

deceased, and that plaintiff has no right or authority to bring and maintain the said above entitled action.

And this the defendant is ready to verify; wherefore it prays the judgment of the writ and declaration in this cause, and that the same may be quashed." A demurrer to this last plea was overruled. The following stipulation was then filed: "It is stipulated in the foregoing cause in open court at the trial of said cause that the plea filed by leave of court on this date and attached to notice of motion for leave to file same, which notice was filed February 13, 1914, correctly states the facts in regard to the matters and things set forth in said plea: And, that upon motion of defendant's attorneys on the said stipulation and plea that the court shall instruct a verdict in favor of the defendant upon the above mentioned and described plea, filed February 16, 1914, by leave of court, and that the court shall act upon the said motion without the intervention of a jury." Final judgment for the defendant was entered and the plaintiff on writ of error contends that there was error in allowing the last or second additional plea to be filed; and in overruling the demurrers to the first and second additional pleas.

At common law no right of action existed in anyone to recover damages for the death of a person. Any statutory right of action given to recover damages for the wrongful death of a person, must be instituted and maintained by the persons and for the damages as stated in the statute conferring the right of action; and the action must be brought within the time fixed by the statute.

Article VI of the Constitution of the United States provides that "This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made or which shall be made, under the authority

of the United States shall be the supreme law of the land; and the judges in every State shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding."

Whenever a valid Federal regulation covers a subject within the sphere of the Federal law, it is paramount; and any and all conflicting State regulations of such subject are *ipso facto* wholly excluded therefrom. Otherwise the Federal enactments would not be the Supreme law of the land, and the Federal authority would not be paramount within its sphere of operation. See Simpson v. Shepard, 230 U. S. 352, 33 Sup. Ct. Rep. 729.

It is contended that the Federal regulation giving a right of action in case of a wrongful death for the recovery of damages "for the benefit of the surviving widow or husband and children of such employe; and, if none, then of such employe's parents; and, if none, then of the next of kin dependent upon such employe," does not cover the same subject covered by the State law giving a right of action to the parent to recover damages for his mental pain and suffering and for loss of services caused by the wrongful death of his minor child. But within the sphere it operates, the Federal law covers every case of wrongful death whether of an adult or a minor; and within the sphere of its operation the Federal law is both paramount and exclusive, therefore any regulation by the State that in any material way conflicts with the paramount Federal law is excluded. Taylor v. Taylor, 232 U. S. 363, ——— Sup. Ct. Rep. ———; St. Louis, S. F. & T. R. Co. v. Seale, 229 U. S. 156, 33 Sup. Ct. Rep. 651; Michigan Cent. R. Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. Rept. 192; North Carolina R. R. Co. v. Zachary, 232 U. S. 248, ———Sup. Ct. Rep.———; St. Louis, I. M. & S. R. Co. v. Hesterly, 228 U. S. 702, 33 Sup. Ct. Rep. 703.

The State law, in its terms and purpose, is plainly in conflict with the Federal law, and the latter within its proper sphere of action, wholly supersedes the former; and in cases to which the Federal law applies it should be administered as the supreme law of the land to the exclusion of conflicting State regulations, as required by the Federal Constitution

The Act of Congress approved April 22, 1908, and the amendment thereto approved April 5, 1910, gives a right of action to recover damages for wrongful death solely to the "personal representative" of a deceased person who was at the time of his fatal injury an employee of a "common carrier by railroad" engaged in interstate commerce, and such employee was fatally injured while employed by such carrier in interstate commerce, by reason of "the negligence of any officers, agents or employees of such carrier or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment," of the railroad carrier. The beneficiaries of this right of action are "the surviving widow or husband and children of such employee; and if none, then such employe's parents; and, if none, then the next of kin dependent upon such employe." In all cases the action must be brought and maintained by the decedent's "personal representative," viz: his executor or administrator. By the terms of the statute "no action shall be maintained under this Act unless commenced within two years from the day the cause of action accrued." This statute is paramount within its proper sphere of operation, and wholly excludes all conflicting State regulations of the subject covered. See Employers' Liability Cases, In re. Mondou v. New York, N. H. & H. R. Co., 223 U. S. 1, 32 Sup. Ct. Rep. 169; Lamphere v. Oregon Railroad & Nav.

Co., 196 Fed. Rep. 336, 116 C. C. A. 156, 47 L. R. A. (N. S.) 1, and notes.

The State statute, Section 3147, General Statutes of 1906, giving a right of action to a father to recover damages for his mental pain and suffering and loss of services, caused by the wrongful death of his minor child, conflicts with the Federal law and is superseded thereby and its operation is wholly excluded when the following three circumstances concur, (1) where the minor child is an employee of a "common carrier by railroad" engaged in interstate or foreign commerce, and (2) the fatal injury occurs while the decedent was employed by such carrier in interstate or foreign commerce, and (3) the death results "in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boat, wharves, or other equipment" of the carrier.

The Act of Congress giving this right of action, not existing at common law, is paramount substantive law creating a new right and limiting in express terms its use and purposes, specifically designating its beneficiaries, and giving the right to maintain the action solely to the "personal representative" of a decedent, and excluding all conflicting State regulations. Such legislation therefore cannot be regarded as a mere regulation of judicial procedure; and its essential requirements cannot be affected by mere possible waivers resulting from the order of presenting pleadings or of procedure that might operate in a local forum to affect a right given by the local law and in controversy. This being so, if the facts on which the cause of action must rest, bring the case within the operation of the paramount Federal

Statute, it is quite immaterial how or when the real facts developed in the progress of the cause. St. Louis, S. F. & T. R. Co. v. Seale, 229 U. S. 156, 33 Sup. Ct. Rep. 651; Grand Trunk Western Ry. Co. v. Lindsay, 233 U. S. 42, —— Sup. Ct. Rep. ——.

The stipulation is that the last additional plea "correctly states the facts," and the plea distinctly avers that the decedent "at the time of the injury causing his death and immediately prior thereto, was employed as a switchman by this defendant, a common carrier by railroad, operating a line of railroad between and through the States of Georgia and Florida, * and engaged in commerce between the States, and that the said Charles Flanders, at the said time of the injuries causing his death, and immediately prior thereto, was acting as such switchman in the operating and handling of a certain train of the defendant * which train had just arrived in the City of Palatka, * Florida, from * Valdosta * Georgia, and was then and there being handled and operated in * Palatka, Florida, by the employees of said defendant, including said Charles Emory Flanders, preparatory to its leaving * Palatka * Florida for a continuous movement of said train * to Valdosta * Georgia," and that the injuries complained of occurred while the decedent was thus engaged in interstate commerce and while the defendant was engaged in interstate commerce as stated; and that the action is not brought or maintained by the personal representative of the decedent as required by the Act of Congress giving the right of action, and the conclusion stated is that the plaintiff has no right to bring and maintain the action. The stipulation establishes for the purposes of this case, the facts that clearly show the decedent was fatally injured while he was employed in interstate commerce as an

employée of the defendant a "common carrier by railroad," engaged in interstate commerce, and it is alleged in the declaration that the injury was caused by the stated negligence of the said carrier. It thus clearly appears that the Federal law controls and such law is exclusive even though the plea does not negative the doing of intrastate business also by the defendant and the decedent employee at the time of the fatal injury. North Carolina R. R. Co. v. Zachary, 232 U. S. 248, —— Sup. Ct. Rep. ——

Under the Federal law the administrator or executor alone may maintain the action and the recovery is in general for pecuniary damage only. See M. C. Ry. Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. Rep. 192.

When the facts of a case, whether developed by the pleadings or by the evidence, bring the Federal law into operation, such law is paramount and excludes all conflicting State regulations, even though the facts are commingled with other facts showing an intrastate operation at the same time by the same parties and by the means used by them. See St. Louis, S. F. & T. R. Co. v Seale, 229 U. S. 156, 33 Sup. Ct. Rep. 651; Gulf C. & S. F. Ry. Co. v. Lester, —— Tex. Civ. App. ——, 149 S. W. Rep. 842; Eastern Ry. Co. of New Mexico v. Ellis, —— Tex. Civ. App. ——, 153 S. W. Rep. 701; C. N. O. & T. P. Ry. v. Bonham (Tenn.), 171 S. W. 79.

In other words a conflicting State regulation cannot operate in a sphere covered by a Federal regulation where matters of State regulation are indissolubly commingled with those exclusively controlled by the paramount Federal law, for the reason that in such cases the Federal regulation is paramount and exclusive, the purpose of the Federal law being to maintain uniformity and supremacy.

The plaintiff contends that the defendant having pleaded the general issue and assumption of risk, should not afterwards be allowed to interpose the last additional plea stating facts on which the right of the plaintiff to maintain the action as brought is challenged. But the plaintiff brought the action as he chose to do, and the defendant was called upon to respond to the action as brought. Besides this, the contention relates to mere procedure, and procedure is not of substance or at all material where the facts on which the cause of action rests do not authorize the action as brought to be maintained. The facts stated in the plea are expressly admitted to be true. Such facts clearly show that the Federal law is applicable, while the action is brought under the State law. Being applicable to the facts of the case, the Federal law by its paramount force and effect supersedes and excludes the State law. It is therefore immaterial whether other pleas had been filed or whether the last plea be regarded as being in abatement or in bar of the action brought under the State law. On the admitted facts and notwithstanding the previous pleas in the case, the State law is superseded and excluded by the paramount Federal law, and the action brought under the State law cannot be maintained. In bringing the action the express requirements of the Federal law were not complied with either as to the necssary party plaintiff or as to the nature of the damages claimed. The action therefore could not be maintained under the Federal law, no appropriate and timely amendments being offered.

In other words the plaintiff brings his action under the State law, and during the progress of the cause expressly admits facts that under a paramount Federal law operate to exclude the State law, and without offering amendments to comply with the Federal law the plaintiff stipu-

lates that the court may act on the admitted facts thereby making ineffectual the action as brought.

The plaintiff apparently made no effort to bring himself within the mandatory requirements of the Act of Congress that the "personal representative" alone shall bring and maintain the action; (see Missouri, K. & T. R. Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. Rep. 135) ; and as it is clear that under the stipulated facts, there can be no recovery under the State law, there was no error in permitting the filing or in sustaining on demurrer the last additional plea.

It is unnecessary to consider the first additional plea, since the judgment entered on the stipulation was proper.

Judgment affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.