CHESTER SWEET, as Administrator, etc., of IRA SWEET, Deceased, Plaintiff, *v.* MORRIS MILLER, Defendant.

Supreme Court, Erie County, May 29, 1933.

*Bagley, Wechter & Irvin* [*Joseph A. Wechter* of counsel], for the plaintiff.

*Timerman & Timerman* [*Newell H. Timerman* of counsel], for the defendant.

HARRIS, J. This is a motion to set aside the service of the summons and complaint in the above-entitled action and in four other actions. In accordance with the provisions of section 52 of the Vehicle and Traffic Law of the State of New York, service was made upon the defendant, who is a resident of Cleveland, Ohio, and while he was in Cleveland.

The defendant, a huckster, came to New York State by motor vehicle with money to purchase a load of apples in New York State. He purchased them at Lockport, Niagara county, N. Y., loaded them on his truck and started back for Cleveland with the intention of selling such apples in Cleveland. While passing over a bridge in Erie county his truck came into collision with another car in which were riding the plaintiff's intestate and others, and this and the other actions are the result of such collision.

In making service the plaintiff complied with all the provisions of section 52. It is the contention of the defendant that the provisions of section 52 do not apply to these actions because, at the

time of the collision, the defendant was engaged in interstate commerce. (See U. S. Const. art. 1, § 8, cl. 3.) There can be no doubt that the facts above stated show that the defendant was engaged in an act of interstate commerce at the time of the collision. (*United States* v. *Simpson,* 252 U. S. 465; *Kirmeyer* v. *Kansas,* 236 id. 568.)

On the other hand, the plaintiff argues that, as a matter of police power, the State of New York had the right to adopt the statute and to make it applicable to those using the State highway even in interstate commerce. The latter view is upheld by the decisions in *Kane* v. *State of New Jersey* (242 U. S. 160) and *Hess* v. *Pawloski* (274 id. 352).

A careful reading of all the cases cited above can lead only to the conclusion that although a State is forbidden to interfere with interstate commerce, such prohibition does not prevent the enactment and enforcement of legislation sustaining the police power of the State although such legislation incidentally affects interstate commerce. (*United States* v. *E. C. Knight Co.,* 156 U. S. 1; *Gibbons* v. *Ogden,* 9 Wheat. 1, 95, 203; *Louisville & Nashville R. R. Co.* v. *Kentucky,* 161 U. S. 677, 700, 701; The Supreme Court in the United States, by Charles Warren, vol. 3, p. 462.) The prohibition against a State interfering with interstate commerce is a prohibition against an arbitrary and unreasonable interference and not an interference that is merely incidental to the police power of the State. The dangers of the use to which an automobile may be put in the hands of a careless or inexperienced or criminal driver make it necessary that the State exercise its police power in curbing such improper use. Such curbing is brought about through section 52 by making the driver amenable to process even if he leaves the State and even though he be engaged in interstate commerce while within the State. This necessary use of the police power is not an arbitrary interference with interstate commerce and so the fact that the defendant was engaged in interstate commerce is not a reason for setting aside the service of the papers in the action referred to on this motion.

The motion of the defendant is denied.