Cablton A. Fisheb, J.
This is a motion by the defendant appearing specially, for an order vacating and setting aside the service of the summons and complaint made upon it under the provisions of section 52 of the Vehicle and Traffic Law.
The defendant is a foreign corporation with its principal place of business in Chicago, Illinois, and was engaged in the business of an interstate motor freight carrier.
This is a death action brought to recover damages for the accidental death of the decedent who died as the result of injuries sustained in a collision on a highway of this State between the automobile in which she was a passenger and one of defendant’s trucks.
The defendant maintains that since it is a registered interstate motor carrier under the Motor Carrier Act of 1935 as amended, and had designated a person in this State, as required by section 321 (subd. [c]) of title 49 of the United States Code, upon whom service of process could have been made, service upon such person was the exclusive method of serving the summons and complaint upon the defendant in this action. Section 321 (subd. [c]) in part reads: “ (c) Every motor carrier * * * shall also file with the board of each State in which it operates and with the Interstate Commerce Commission a designation in writing of the name and post-office address of a person in such State upon whom process issued by or under the authority of any court having jurisdiction of the subject matter may be served in any proceeding at law or equity brought against such carrier. * * * In the event such carrier fails to file such designation, service may be made upon any agent of such motor carrier within such State.”
The defendant cites no decisive authority in support of its contention and none has been found in which the precise question presented here has been decided.
*899 It is needful in answering the question presented to consider the authority of the Legislature of the State of New York to enact section 52 of the Vehicle and Traffic Law and the purposes of the Congress in enacting section 321 (subd. [c]) of title 49 of the United States Code, as part of the Motor Carrier Act. Section 52 as hereinafter shown was enacted under the police power of the State.
Section 52 of the Vehicle and Traffic Law provides that the operation by a nonresident of a motor vehicle in this State or the operation of a motor vehicle, trailer or semi-trailer owned by a nonresident if operated in this State with his consent “shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved”. The enactment of this section “ is a valid exercise of police power, and is not in conflict with the requirements of due process. ’ ’ (Leighton v. Roper, 300 N. Y. 434, 444.) In Hess v. Pawloski (274 U. S. 352) the court, in upholding the constitutionality of a Massachusetts statute similar in fundamentals to section 52 of the New York Vehicle and Traffic Law said: “ The State’s power to regulate the use of its highways extends to their use by non-residents as well as by residents. Hendrick v. Maryland, 235 U. S. 610, 622. And, in advance of the operation of a motor vehicle on its highway by a non-resident, the State may require him to appoint one of its officials as his agent on whom process may be served in proceedings growing out of such use. Kane v. New Jersey, 242 U. S. 160, 167. That case recognizes power of the State to exclude a non-resident until the formal appointment is made. And, having the power to exclude, the State may declare that the use of the highway by the non-resident is the equivalent of the appointment of the registrar as agent on whom process may be served.” (P. 356.)
There could be no question of the application of section 52 of the Vehicle and Traffic Law to the instant case but for section 321 (subd. [c]) of title 49 of the United States Code. (Sweet v. Miller, 147 Misc. 806 [Sup. Ct., Erie Co., 1933].)
The law is well settled that the intention of Congress to exclude States from exerting their police power must be clearly manifested. In Allen-Bradley Local v. Board (315 U. S. 740, 749) the court said: “ Furthermore, this Court has long insisted that an ‘ intention of Congress to exclude States from exerting their police power must be clearly manifested.’ (Napier v. Atlantic Coast Line R. Co., 272 U. S. 605, 611, and cases cited.) ” *900 In People v. County Transp. Co. (303 N. Y. 391) the action was brought to recover a penalty from the defendant, an interstate motor carrier. The court said at page 399: “ It was early said that State legislation is invalidated only if the Federal and State regulations cannot either practically or logically exist together. (Sinnot v. Davenport, 22 How. [U. S.] 227, 243.) Even more important is the doctrine, enunciated in a long line of cases, that ‘ the intention of Congress to exclude States from exerting their police power must be clearly manifested.’ (Napier v. Atlantic Coast Line, 272 U. S. 605, 611, and cases there cited; Allen-Bradley Local v. Board, 315 U. S. 740, 749, and cases cited.) Here we have in section 62 of the Public Service Law an exercise of police power affecting a bus line, a public utility, rendering a public service in the community. The basic applicable canon of statutory construction governing all the variations of exercisable police power was well stated as follows in Maurer v. Hamilton (309 U. S. 598, 614): ‘ As a matter of statutory construction Congressional intention to displace local laws in the exercise of the commerce power is not, in general, to bo inferred unless clearly indicated by those considerations which are persuasive of the statutory purpose.’ ”
There clearly was no intent on the part of Congress in requiring an interstate motor carrier to designate a person upon whom service of process may be made in a State to supersede a statute, such as section 52 of the Vehicle and Traffic Law, which applies to all nonresident owners of motor vehicles operated by them or with their consent in this State. The purpose of subdivision (c) of section 321 (U. S. Code, tit. 49, § 321, subd. [c]) was not to bestow a benefit or privilege upon motor carriers by curtailing the statutory rights of the resident s of a State, but for the protection of shippers and persons injured by the carriers’ motor vehicles while operated on State highways. In Madden v. Truckaway Corp. (46 F. Supp. 702 [U. S. D. C., Minn., 1942]) the court said (p. 704): “ Apparently Congress had in mind that the public should be protected by reason of accidents growing out of the negligent use of motor vehicles engaged in interstate transportation, and also that shippers should be protected in the event of loss of property shipped in such commerce. ’ ’
In Huber v. Wilson (23 Tenn. App. 108 [1938]) the court in a personal injury action upheld the service .of process under subdivision (c) of section 321 of title 49 of the United States Code and stated that it was unnecessary to decide whether that method of service was exclusive. The court, however, stated (pp. 111-112): (1 Under the law of the state there are other statutory provisions providing for the service of process upon *901 the nonresident corporation doing business in this state, when it maintains an office or an agency within the state, and in construing these acts the courts have held that the method provided i'or the service of process is not an inclusive method but a cumulative method and since this is true the plaintiff may bring the defendant before the court by complying and conforming to the provision of either act.? ’
There is a further consideration in construing subdivision (c) of section 321 of title 49 of the United States Code. This section does not authorize service of process upon an interstate motor carrier involved in a highway accident in a State in which it has designated a person upon whom service may be made when it is carrying only intrastate commerce at the time the accident occurs. (Davies v. Mahanes, 183 F. 2d 671 [U. S. Ct. App. 4th, 1950].) It is not reasonable to assume that Congress intended that a person injured in a highway accident in which an interstate motor carrier is involved would have to determine at his peril the character of the freight being hauled, that is its loading and destination points, nor is it reasonable to assume that the State method of service of process upon an interstate carrier (Vehicle and Traffic Law, § 52) is superseded when the motor carrier is hauling one type of shipment and not superseded when carrying another type of shipment.
It appears to have been assumed in the following cases that service of process upon an interstate motor carrier in a State pursuant to subdivision (c) of section 321 is not an exclusive method of service. (Esperti v. Cardinale Trucking Corp., 263 App. Div. 46; Bullock v. Tamiami Trail Tours, 7 Misc 2d 109; Schneir v. Tishman, 176 Misc. 427; Kuris v. Pepper Poultry Co., 174 Misc. 801.)
The motion is denied.