**Frank OCEPEK; Frank Ocepek as Statutory Trustee for Best Machines Invented, Inc., Appellants,**

v.

**CORPORATE TRANSPORT, INC., Appellee.**

No. 91–1444.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1991.

Decided Dec. 2, 1991.

Rehearing and Rehearing En Banc Denied Jan. 15, 1992.

James E. Godfrey, Jr., St. Louis, Mo., argued (Gregory G. Fenlon, on brief), for appellants.

Brian Nelson Brink, St. Louis, Mo., argued (Gerard T. Noce and Brenda G. Baum, on the brief), for appellee.

Before ARNOLD, JOHN R. GIBSON, and BEAM, Circuit Judges.

ARNOLD, Circuit Judge.

From this relatively straightforward tort case, comes an opportunity to re-examine our dicta in *Knowlton v. Allied Van Lines*, 900 F.2d 1196 (8th Cir.1990). Confronted with facts strikingly similar to those in *Knowlton*, the District Court held that the present action should be dismissed for lack of personal jurisdiction over the defendant, Corporate Transport. We reverse the judgment and remand this case for further proceedings.

I.

Frank Ocepek, a citizen of Missouri, was hurt in a car accident on November 27, 1986. The accident occurred in Ohio and involved the defendant, Corporate Transport, Inc., which was incorporated and had its principal place of business in New York. After returning to Missouri and seeking medical care, the plaintiff tried to file suit against Corporate Transport. A complaint was filed on November 21, 1988, in the Eastern District of Missouri. The plaintiff attempted to serve the defendant through registered mail, but failed. Thereafter, on April 24, 1989, service was obtained through the issuance of an alias summons to the Director of Transportation of the State of Missouri. The Secretary of the predecessor agency, the Missouri Public Service Commission, had been designated by the defendant as its agent for service of process under 49 U.S.C. § 10330(b), part of the Motor Carrier Act of 1935.

The defendant moved to dismiss the case for lack of personal jurisdiction. The de-

fendant claimed that it did not have sufficient contacts with the State of Missouri to warrant the suit's being filed there. In addition, the accident, which occurred in Ohio, did not arise out of any business which the defendant was doing in Missouri. The District Court agreed with Corporate Transport, holding that it did not have sufficient minimum contacts with the State of Missouri to confer jurisdiction under the Missouri long-arm statute and the Due Process Clause of the Fourteenth Amendment. As a result, the District Court dismissed the action.

The District Court's opinion did not mention the issue of jurisdiction under 49 U.S.C. § 10330(b). The plaintiff urges us to hold that the designation of an agent under that provision gives the District Court jurisdiction by consent. We agree with the plaintiff;[1] however, on remand the District Court should decide whether the action was commenced within the applicable statute of limitations, and should also address the defendant's contention that this action was commenced in violation of an automatic stay in bankruptcy. If these defenses are rejected, the District Court should proceed with the case in the ordinary course.

## II.

The plaintiff argues that our decision in *Knowlton v. Allied Van Lines, supra,* controls the outcome of this case. The facts are strikingly similar. In *Knowlton,* the plaintiff, a Minnesota resident, sought to bring a lawsuit against the defendant, a Delaware corporation, for injuries sustained in an accident which occurred in Iowa. The plaintiff filed suit in Minnesota, and the defendant moved to have the case dismissed for lack of personal jurisdiction. This Court held that the presence of an agent designated pursuant to a state statute was sufficient to indicate consent to be sued in that jurisdiction. In dicta, we also stated that the presence of an agent designated pursuant to 49 U.S.C. § 10330(b) would be sufficient to confer personal jurisdiction on the District Court. *Knowlton,* 900 F.2d at 1200.

If our present facts ended there, we would have no hesitation in finding that Corporate Transport consented to be sued in Missouri. The general rule, as we stated in *Knowlton,* is that consent is a traditional basis for establishing personal jurisdiction. In defending the role of physical presence as a basis of jurisdiction, Justice Scalia has written: "[J]urisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of 'traditional notions of fair play and substantial justice.' That standard was developed by *analogy* to

---

[1]. Our reliance on the federal statute as sufficient to confer jurisdiction over the person of the defendant makes it unnecessary for us to address the District Court's analysis of minimum contacts under the state long-arm statute. The defendant argues, citing *Sales Service Inc. v. Daewoo Int'l (America) Corp.,* 719 F.2d 971 (8th Cir.1983), that the District Court cannot acquire jurisdiction in this diversity case, in which the cause of action arises under state law, unless service is properly made under a state statute. The statements to this effect cited by the defendant are taken wholly out of context. In most cases, service on out-of-state businesses is made under state long-arm statutes, with no other basis for valid service of process asserted by the plaintiff. In that situation, of course, jurisdiction depends on the plaintiff's being able to fit the case within the state statute, which, then, must also be tested for fundamental fairness under the minimum-contacts doctrine. Nothing in any of the cases cited establishes, nor could there be any reason for believing, that Congress could not provide another method of service by legislation under the Commerce Clause. Indeed, in some instances Congress has provided for nationwide service of process, see, *e.g.,* § 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa (1988), and no one supposes that this provision is constitutionally infirm. It is no answer to say that cases arising under the Securities Exchange Act are federal-question cases, while the present case is a diversity case. The basis of original jurisdiction in the federal district courts is irrelevant for present purposes. Congress has power under Article III to establish lower federal courts, as well as power under the Commerce Clause to regulate interstate commerce. If any additional source of authority is required, the Necessary and Proper Clause, Article I, § 8, cl. 18, comes readily to mind. See also Fed.R.Civ.P. 4(e), providing that service of process may be made in various ways, including methods of service provided by law, state or federal.

'physical presence,' and it would be perverse to say it could now be turned against that touchstone of jurisdiction." *Burnham v. Superior Court of California,* 495 U.S. 604, 110 S.Ct. 2105, 2115, 109 L.Ed.2d 631 (1990) (plurality opinion). Exactly the same thing is true of consent as a traditional basis of jurisdiction over the person.

In *Knowlton,* we said that the designation of an agent under 49 U.S.C. § 10330(b) was sufficient to justify the District Court's exercise of jurisdiction over the defendant. Both state and federal courts have regularly upheld personal jurisdiction when service is made upon an agent designated pursuant to this statute or its predecessor, 49 U.S.C. § 321(c) (1976). See, *e.g., Shapiro v. Southeastern Greyhound Lines,* 155 F.2d 135 (6th Cir.1946); *Mullinax v. McNabb–Wadsworth Truck Co.,* 117 F.R.D. 694 (N.D.Ga.1987); *Sansbury v. Schwartz,* 41 F.Supp. 302 (D.D.C.1941); *Hirsch v. National Van Lines, Inc.,* 136 Ariz. 304, 666 P.2d 49 (1983); *Mittelstadt v. Rouzer,* 213 Neb. 178, 328 N.W.2d 467 (1982).[2] If the question were whether an unlimited designation of an agent pursuant to 49 U.S.C. § 10330(b) is sufficient to confer personal jurisdiction upon the District Court, we would have no trouble in answering yes.

### III.

The situation before us, however, is different from *Knowlton* in one key respect. In its designation of an agent pursuant to 49 U.S.C. § 10330(b), Corporate Transport has attempted to limit the agent's authority to receive service of process to actions arising in the State of Missouri. Corporate Transport's designation states:

Process Agent for Missouri: Applicant hereby designates the SECRETARY of the Commission of the State of Missouri as its authorized agent upon whom legal service may be had in all actions arising in Missouri from the operation of motor vehicles under authority of this Commission.

Appendix for Appellee at 27. Corporate Transport contends that this language limits the ability of its agent to accept process to those actions which arise within the State of Missouri. Because this action is the result of a car accident which occurred in Ohio, Corporate Transport claims that the federal courts in Missouri have no jurisdiction over it.

The question we must answer is whether Corporate Transport may limit its designation under 49 U.S.C. § 10330(b) in this way. The statute is silent in this respect and the case law does not squarely confront this issue. We hold that to limit the designation of an agent in this way is contrary to the intent of Congress in enacting this statute. Therefore, Corporate Transport's limited designation under 49 U.S.C. § 10330(b) is invalid. The statute requires an unrestricted designation, and we must treat that as done which ought to have been done. Otherwise, the defendant would benefit from its violation of the law.

We start with the proposition that Congress has plenary power to regulate inter-

---

**2.** The cases cited by Corporate Transport against this proposition are easily distinguished. In *Clark v. Babbitt Brothers, Inc.,* 260 S.C. 378, 196 S.E.2d 120 (1973) (a case with facts similar to ours), service was not permitted on an agent designated pursuant to 49 U.S.C. § 321(c). The Court based its decision on a state-law ground: South Carolina statutes did not provide for jurisdiction over a foreign corporation that had not maintained a presence in the state for two months preceding the accident. The Court concluded that the Motor Carrier Act "cannot confer jurisdiction upon the State Court where the State has not provided for such jurisdiction." 196 S.E.2d at 121. We express no view on the merits of this reasoning.

In *Trailer Express, Inc. v. Gammill,* 403 So.2d 1292 (Miss.1981), the Court upheld service of process on the Secretary of State for Mississippi, pursuant to a state statute, against an out-of-state trucking company. In so holding, the Court also stated that service of process under 49 U.S.C. § 10330 would have been equally valid.

Finally, in *Kuris v. Pepper Poultry Co.,* 174 Misc. 801, 21 N.Y.S.2d 791 (Supp.Ct.1940), the Court held that service of process not in conformity with a state statute was ineffective to bring the defendant into court. Later cases, however, have indicated that service of process under either the state statute or the federal statute would be effective. See, *e.g., Olson v. Midstates Freight Lines, Inc.,* 12 Misc.2d 897, 173 N.Y.S.2d 711 (Supp.Ct.1958).

state commerce. Necessarily contained within that power is the ability to regulate motor carriers which participate in interstate commerce. In the exercise of this power, Congress passed the Motor Carrier Act of 1935. Section 221 of this Act, later codified as 49 U.S.C. § 321(c) (1976), provided for the establishment of an agent in each state in which the motor carrier operated for the purpose of receiving service of process. This section was recodified in 1978 as 49 U.S.C. § 10330(b), which states:

A motor carrier or broker providing transportation subject to the jurisdiction of the Commission under subchapter II of chapter 105 of this title, including a motor carrier or broker operating within the United States while providing transportation between places in a foreign country or between a place in one foreign country and a place in another foreign country, shall designate an agent in each State in which it operates by name and post office address on whom process issued by a court with subject matter jurisdiction may be served in an action brought against that carrier or broker.

One of the goals of the Motor Carrier Act of 1935 was to protect citizens of the United States from injury resulting from the actions of interstate carriers. "Congress had in mind that the public should be protected by reason of accidents growing out of the negligent use of motor vehicles engaged in interstate transportation, and also that shippers should be protected in the event of loss of property shipped in such commerce." *Madden v. Truckaway Corp.,* 46 F.Supp. 702, 704 (D.Minn.1942). This intent was echoed in Senate Report, accompanying the 1954 amendments to the Act. In this report, the Senate Commerce Committee restated the goal of the provision in question: "The bill will protect the general public from safety abuses which of recent years have resulted in increased deaths and property damage." S.Rep. No. 1650, 83d Cong., 2d Sess. 2, *reprinted in* 1954 U.S.Code Cong. & Admin.News 2658, 2659. Congress wanted to make it easy to hold interstate carriers responsible for their actions. The report underscored this goal in the following language: "Many States do not maintain a record of persons upon whom process may be served for interstate carriers because the States are concerned only with intrastate movements. The Interstate Commerce Commission is aware of this shortcoming and has required all interstate carriers to file with the Commission as well as the States. This provides those parties desiring to sue interstate carriers with the name of the person upon whom process may be served." *Ibid.*

Like any statute, § 10330(b) should be hospitably interpreted in order best to meet its stated goals. See, *e.g., Lamb v. Interstate Commerce Commission,* 259 F.2d 358, 360–361 (10th Cir.1958). As the Supreme Court of Nebraska has said, "[t]he language of 49 U.S.C.A., § 321(c), is sweeping and is free from qualifying passages. Nowhere does it manifest a preference for the state in which a prospective plaintiff dwells, nor for one in which the defendant lives, nor for the one in which the cause of action arose. It treats all states in which a process agent has been appointed with equal impartiality." *Mittelstadt,* 213 Neb. at 183, 328 N.W.2d at 470.

The insertion of a clause limiting the ability of the agent to accept process to claims arising in the State of Missouri is inconsistent with the broad remedial purpose of the Act. The statute itself says nothing about any such limitation. It speaks of "a court with subject matter jurisdiction" and "an action brought against [the] carrier," both phrases indicating no limitation in terms of the place where the action has arisen. Likewise, the regulations adopted by the Interstate Commerce Commission in implementation of the statute, 49 C.F.R. pt. 1044, make no provision for a limited designation. In addition, the form which motor carriers must file with the ICC reflecting their designations of agents contains no language providing or referring to a limited designation. The form merely states that "[p]ursuant to 49 U.S.C. [§] 10330(b) and rules and regulations, the carrier or broker named above hereby designates the following persons upon whom process issued by *any court* in *any action* against the carrier may be

served in the state named." ICC Motor Carrier Form BOC–3, *reprinted in* 3 Fed. Carr.Rep. (CCH) ¶ 24,003, at 24,121. (Emphasis ours.) This form, prepared for official use by the Interstate Commerce Commission, the agency charged by Congress with the duty of carrying out the statute, is persuasive evidence of how the statute has been interpreted in practice by those who should be most familiar with it. The form filed by Corporate Transport in the present case, to be sure, does contain a limitation, but the limiting phrases were clearly added to the form as originally printed.

In sum, the statute and regulations say nothing about limited designations, and it seems to us that this silence reflects the fact that no such limitations were contemplated by the drafters. Otherwise, the salutary goal of enabling ordinary citizens and consumers to hale interstate carriers into court wherever they do business would be undercut. Corporate Transport argues that Congress intended the Act to apply only to the commercial, financial, and business aspects of interstate transportation on the highways. Brief of Appellee at 9. We fail to understand the thrust of that argument. This case arises out of the business of interstate highway transportation. The truck involved in the accident was engaged in this business when it struck Mr. Ocepek's vehicle. The case clearly concerns the commercial and business aspects of Corporate Transport's interstate activities.

Allowing an interstate motor carrier to limit its designation of agents under § 10330(b), moreover, would run counter to congressional transportation policy. As the District Court for the District of Columbia explains in *Sansbury, supra,* 41 F.Supp. at 303, "motor carriers are treated as if physically present in each of the States through which they are licensed to operate, and, although they may not have physical property and station agents at all times within each jurisdiction, they are, for the purpose of answering process of the courts of such jurisdiction, legally to be found therein and inhabitants thereof." In today's society, many people rely on trucks and trucking companies to transport goods to various locations throughout the country. These trucks necessarily cross many states. As the volume of highway traffic increases, so does the risk of an injury resulting from an accident involving one of these carriers. The obvious purpose of the federal statute is to eliminate potential jurisdictional problems and to provide injured parties with reasonably easy access to the courts, having in mind that the injured party is frequently a resident of some state other than that in which the accident has occurred.

The present action is a good illustration. Mr. Ocepek lives in Missouri. He returned there after the accident. It is obviously the most convenient place for him to bring suit. Corporate Transport is a New York corporation. The accident occurred in Ohio. Neither of these states is a very convenient forum for an injured plaintiff from Missouri, let alone an injured plaintiff from Alaska, California, or Hawaii. Corporate Transport, on the other hand, does business in Missouri. Missouri is not so inconvenient for it, as Ohio or New York would be for the plaintiff. Indeed, Missouri may be no more inconvenient for the defendant than Ohio would be, and no one doubts that the action could properly be brought in Ohio. The assumption of the statute is that companies which do business nationwide can more easily defend themselves in any of those states in which they do business, than individual citizens can bring suit outside their home states, perhaps at great distances. The most logical reading of the statute, therefore, and the one which advances its general purpose, is to interpret it as requiring an unrestricted designation of an agent for service of process in each jurisdiction where the interstate carrier does business. Therefore, Corporate Transport's attempt to limit its designation to accidents occurring within the State of Missouri violates the statute. The designation should have been unlimited, and if it had been, there would clearly be jurisdiction here. It would be wrong to allow Corporate Transport to escape jurisdiction by the simple expedience of violating its governing law, and we decline to do so. We hold, therefore, that the District

Court had jurisdiction over the person of Corporate Transport in this action, and that it was error to dismiss the complaint for lack of jurisdiction over the person of the defendant.

## V.

The judgment is reversed, and the cause remanded to the District Court for further proceedings consistent with this opinion. Since that Court dismissed the complaint for want of jurisdiction, it has not yet addressed two legal defenses asserted by Corporate Transport: that the action is barred by the statute of limitations, and that the action was commenced in violation of an automatic stay in bankruptcy. Defendant is free to reassert these arguments on remand, and, if it does so, the District Court should proceed to decide them.

It is so ordered.