Strafford
No. 2007-243

NANCY CHICK, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE
OF DAVID CHICK

v.

C & F ENTERPRISES, LLC & a.

Argued: October 18, 2007
Opinion Issued: December 14, 2007

*Burns, Bryant, Cox, Rockefeller & Durkin, P.A.*, of Dover (*Sabrina C. Beavens* and *Paul R. Cox* on the brief, and *Ms. Beavens* orally), for the plaintiff.

*Desmarais, Ewing & Johnston, PLLC*, of Manchester (*Heather G. Silverstein* and *Emily M. Doherty* on the brief, and *Ms. Silverstein* orally), for defendant C & F Enterprises, LLC.

BRODERICK, C.J. Defendant C & F Enterprises, LLC (C & F) appeals an order of the Superior Court (*Houran*, J.) denying its motion to dismiss for lack of personal jurisdiction. We affirm and remand.

The record supports the following facts. On March 22, 2005, the plaintiff's husband, David Chick, and defendant Gregory Combs were

involved in a motor vehicle accident in Lebanon, Maine. Chick was transported from the accident scene to Frisbee Memorial Hospital in Rochester, where he later passed away. At the time of the accident, Combs was driving a commercial vehicle owned by C & F. The plaintiff, Nancy Chick, subsequently brought suit in superior court against both Combs and C & F, alleging that Combs' negligence caused her husband's death.

C & F is a New York corporation, engaged in the interstate transport of cars and utility trailers, with a principal place of business in New York. While C & F has never owned property or maintained a business office in New Hampshire, the company made deliveries to various locations in this state during 2005 and 2006. C & F drivers also passed through New Hampshire en route to Maine delivery points on several occasions during that time period. Given its use of this state's highways, C & F has designated an agent for service of process in New Hampshire to comply with the federal Motor Carrier Act. *See* 49 U.S.C.A. § 13304(a) (West 2007); *Rounds v. Rea*, 947 F. Supp. 78, 82 (W.D.N.Y. 1996) ("Under this statute, carriers traveling in interstate commerce [are] required to establish an agent in each state in which the motor carrier operate[s] . . . .").

Both defendants moved to dismiss this action for lack of personal jurisdiction. In its order on the defendants' motions, the trial court found that it lacked personal jurisdiction over Combs under RSA 510:4, I (1997), the New Hampshire long-arm statute. Notwithstanding this, the trial court ruled that C & F consented to personal jurisdiction in this state because—unlike Combs—it designated an agent for service of process pursuant to the Motor Carrier Act. The trial court found that this consent obviated any need to perform the customary "minimum contacts" test for personal jurisdiction under the long-arm statute. *See, e.g., Vt. Wholesale Bldg. Prods. v. J.W. Jones Lumber Co.*, 154 N.H. 625, 628-30 (2006). C & F now challenges the trial court's ruling on appeal.

■ We review a trial court's ruling on a motion to dismiss for lack of personal jurisdiction *de novo. Lyme Timber Co. v. DSF Investors*, 150 N.H. 557, 559 (2004). Ordinarily, "[t]he plaintiff bears the burden of demonstrating facts sufficient to establish personal jurisdiction over the defendant." *Jones Lumber*, 154 N.H. at 628. "In determining whether the plaintiff has met its burden, we generally engage in a two-part inquiry." *Id.* "First, the State's long-arm statute must authorize such jurisdiction. Second, the requirements of the federal Due Process Clause must be satisfied." *Id.* (quotation omitted); *see* RSA 510:4, I.

■ However, "this is not the only way in which the personal jurisdiction of the court may arise. The actions of the defendant may amount to a legal

submission to the jurisdiction of the court, whether voluntary or not." *Insurance Corp. v. Compagnie des Bauxites*, 456 U.S. 694, 704-05 (1982). "Because the requirement of personal jurisdiction represents ... an individual right [flowing from the Due Process Clause], it can, like other such rights, be waived." *Id.* at 703. Thus, "[a] defendant may ... consent or submit to the jurisdiction of a court which otherwise would not have jurisdiction over it." *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1199 (8th Cir. 1990); *see also* 21 C.J.S. *Courts* § 87, at 93 (2006) ("In the absence of contrary statute, a court having jurisdiction of the subject matter may, as a general rule, acquire jurisdiction over the persons of the parties by their consent."). Consent has long been recognized as a stand-alone basis for exercising personal jurisdiction, "existing independently of long-arm statutes." *Knowlton*, 900 F.2d at 1199; *see Paragon Homes Inc. v. Gagnon*, 110 N.H. 279, 281 (1970); 4 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 2.10, at 31-32 (2d ed. 1997).

"A variety of legal arrangements have been taken to represent express or implied consent to the personal jurisdiction of the court." *Bauxites*, 456 U.S. at 703. "One of the most solidly established ways of giving such consent is to designate an agent for service of process within the State." *Knowlton*, 900 F.2d at 1199. *But cf. Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992) (compliance with Texas agent registration statute did not serve "as consent to be hauled into Texas courts on any dispute with any party ... concerning any matter"), *cert. denied*, 506 U.S. 1080 (1993). This includes, in particular, the designation of an agent for service of process pursuant to the federal Motor Carrier Act. *See Ocepek v. Corporate Transport, Inc.*, 950 F.2d 556, 557-58 (8th Cir. 1991); *Rounds*, 947 F. Supp. at 83-84; *McKamey v. Vander Houten*, 744 A.2d 529, 532 (Del. Super. Ct. 1999); *Mittelstadt v. Rouzer*, 328 N.W.2d 467, 470 (Neb. 1982); *Brinkmann v. Adrian Carriers, Inc.*, 815 N.Y.S.2d 196, 199 (App. Div. 2006).

The Motor Carrier Act provides, in pertinent part:

> A motor carrier or broker providing transportation ... shall designate an agent in each State in which it operates by name and post office address on whom process issued by a court with subject matter jurisdiction may be served in an action brought against that carrier or broker.

49 U.S.C.A. § 13304(a). In passing this statute, "Congress wanted to make it easy to hold interstate carriers responsible for their actions[,] ... to eliminate potential jurisdictional problems and to provide injured parties with reasonably easy access to the courts, having in mind that the injured party is frequently a resident of some state other than that in which the

accident has occurred." *Ocepek*, 950 F.2d at 559-60. "The whole purpose of requiring designation of an agent for service is to make a nonresident suable in the local courts." *Knowlton*, 900 F.2d at 1199. "The effect of such a designation can be limited to claims arising out of in-state activities, and some statutes are so limited . . . ." *Id.* The relevant section of the Motor Carrier Act, however, contains no such limitation. *Ocepek*, 950 F.2d at 559. "[The statute] speaks of 'a court with subject matter jurisdiction' and 'an action brought against the carrier,' both phrases indicating no limitation in terms of the place where the action has arisen." *Id.* (quoting 49 U.S.C. § 10330(b), predecessor to 49 U.S.C.A. § 13304(a); brackets omitted). Moreover, as the Nebraska Supreme Court has observed:

> Nowhere does [the statute] manifest a preference for the state in which a prospective plaintiff dwells, nor for one in which the defendant lives, nor for the one in which the cause of action arose. It treats all states in which a process agent has been appointed with equal impartiality.

*Mittelstadt*, 328 N.W.2d at 470 (quotation omitted).

As a result, nearly all federal and state courts which have considered the effect of the Motor Carrier Act have held that it enables courts to obtain personal jurisdiction over an interstate carrier in states where the carrier may or may not do business, but in which it has a registered agent, for incidents occurring in a third state. *McKamey*, 744 A.2d at 532 n.14 (citing cases). By designating an agent in a given state pursuant to the Motor Carrier Act, a corporation undertakes a "voluntary, reasoned act," *Leonard v. USA Petroleum Corp.*, 829 F. Supp. 882, 886 (S.D. Tex. 1993), acknowledging that it may be sued in that state as a result of its interstate commercial enterprise—irrespective of where it may have committed the tort at issue. We therefore hold that upon designating an agent for service of process in New Hampshire pursuant to 49 U.S.C.A. § 13304(a), C & F expressly consented to personal jurisdiction in our state courts, "at least as to any cause of action arising out of its activities as a motor carrier in interstate commerce." *Mittelstadt*, 328 N.W.2d at 470.

■ In sum, a nonresident corporation's compliance with the agent designation requirement of 49 U.S.C.A. § 13304(a) serves as consent to be sued in the courts of this state given the objectives of that statute. Our ruling does not, however, prevent a defendant from filing a motion to dismiss based upon the doctrine of *forum non conveniens*. *See Stankunas v. Stankunas*, 133 N.H. 643, 646 (1990).

■ Accordingly, since C & F concedes that it appointed an agent in this state pursuant to the Motor Carrier Act, the plaintiff has been relieved of

her customary burden of showing facts sufficient to demonstrate personal jurisdiction over the defendant. *Cf. Jones Lumber,* 154 N.H. at 628. We agree with the trial court that C & F has consented to personal jurisdiction in New Hampshire as a matter of law, and affirm its denial of the corporation's motion to dismiss. In light of this ruling, we need not address the parties' arguments regarding personal jurisdiction over C & F under the long-arm statute.

*Affirmed and remanded.*

DALIANIS, DUGGAN and GALWAY, JJ., concurred.