EDWARD L. ESPERTI, Respondent, *v.* CARDINALE TRUCKING CORP., Appellant.

Second Department, December 1, 1941.

*Abraham D. Wiseman*, for the appellant.

*Samuel J. Robbins*, for the respondent.

JOHNSTON, J. Plaintiff is a resident of this State. Defendant is a New Jersey corporation. The action is to recover damages

for breach of contract. Plaintiff, who was employed by defendant as a truck driver from January 31, 1938, to December 30, 1939, alleges that during his entire employment he was underpaid and did not receive compensation for overtime. The summons and complaint were served upon the agent designated by defendant for the service of process in this State. A motion to set aside the service and to dismiss the action because the court has not jurisdiction of the person of the defendant or of the subject-matter of the action was denied. Defendant appeals.

Defendant is engaged in the interstate motor transportation business, and as such is subject to the provisions of the Motor Carrier Act of 1935 (U. S. Code, tit. 49, chap. 8). That act provides that no person shall engage in the business of contract carrier by motor vehicle in interstate commerce unless there is in force with respect to such carrier a permit issued by the Interstate Commerce Commission. Defendant applied for and obtained from the Commission a permit to operate as such interstate motor carrier. Subdivision (c) of section 221 of the act (U. S. Code, tit. 49, § 321, subd. [c]), entitled "Designation of agent for service of process," reads as follows: "Every motor carrier shall also file with the board of each State in which it operates a designation in writing of the name and post-office address of a person in such State upon whom process issued by or under the authority of any court having jurisdiction of the subject matter may be served in any proceeding at law or equity brought against such carrier. Such designation may from time to time be changed by like writing similarly filed. In the event such carrier fails to file such designation, service may be made upon any agent of such motor carrier within such State." Pursuant to the statute, the defendant designated the United States Corporation, at its New York city office, as its agent in this State for the service of process, and the designee was served with the summons and complaint.

Defendant contends that section 229 of the Civil Practice Act provides the exclusive method of obtaining jurisdiction over the person of a foreign corporation. We think not. It is fundamental that jurisdiction over the person of a defendant may be acquired by consent. (*Gilbert* v. *Burnstine*, 255 N. Y. 348; Restatement, Conflict of Laws, § 90.)

By designating the agent upon whom process was to be served within this State, the defendant consented to the jurisdiction *in personam* by the proper court. That the Supreme Court has jurisdiction of the subject-matter is clear, for the cause of action is breach of a contract made in New Jersey by plaintiff, a resident of New York.

Nor is service under the Motor Carrier Act valid only when the cause of action arose out of commerce transacted by the foreign corporation within the State. As heretofore pointed out, the act deals with jurisdiction of the person. It may be likened to the provisions of the General Corporation Law (§ 210), which provide that a foreign corporation, other than a moneyed corporation, shall not do business in this State without having first obtained from the Secretary of State a certificate of authority and designated the Secretary of State as its agent, upon whom all process against the corporation may be served within this State. In speaking of the latter statute, the Court of Appeals said: " The actions in which he [the agent] is to represent the corporation are not limited. The meaning must, therefore, be that the appointment is for any action which under the laws of this State may be brought against a foreign corporation (Code Civ. Pro. §§ 1780, 432)." (*Bagdon v. Philadelphia & Reading C. & I. Co.*, 217 N. Y. 432, 436, 437.)

The order should be affirmed, with ten dollars costs and disbursements, and defendant's time to answer extended until ten days from the entry of the order hereon.

LAZANSKY, P. J., HAGARTY, TAYLOR and CLOSE, JJ., concur.

Order denying defendant's motion to vacate and set aside the service of the summons and dismiss the action affirmed, with ten dollars costs and disbursements. Defendant's time to answer is extended until ten days from the entry of the order hereon.