ALFRED E. MITTELSTADT, APPELLANT, v. DONDRU D. ROUZER, MARION TYE, AND B. J. MCADAMS, INC., A CORPORATION, APPELLEES.

KATHALEEN M. MITTELSTADT, APPELLANT, v. DONDRU D. ROUZER, MARION TYE, AND B. J. MCADAMS, INC., A CORPORATION, APPELLEES.

328 N.W.2d 467

Filed December 23, 1982.   Nos. 82-348, 82-349.

Kenneth Cobb of Cobb & Rehm, P.C., for appellants.

William E. Langdon of Cline, Williams, Wright, Johnson & Oldfather, for appellees.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

Plaintiffs in these cases have appealed from orders of the District Court dismissing their petitions following the sustaining of the special appearances filed by the defendant B. J. McAdams, Inc.

The plaintiffs, Alfred E. and Kathaleen M. Mittelstadt, are both residents of Nebraska and brought these actions against the defendant McAdams and others for damages arising out of an automobile accident occurring on July 7, 1979, near Flagstaff, Arizona. The petitions alleged that the driver of the truck causing the accident was at the time an employee of and acting within the scope of her employment for the defendant McAdams. Service was obtained upon McAdams, an Arkansas corporation, by summons served on its resident agent living in Omaha, Nebraska. This agent had been appointed to conform to the requirements of the Motor Carrier Act, 49 U.S.C. § 321(c) (1976) (now 49 U.S.C. § 10330(b) (Supp. IV 1980)). That particular section provides in part as follows: "A motor carrier . . . providing transportation subject to the jurisdiction of the [Interstate Commerce] Commission . . . shall designate an agent in each State in which it operates . . . on whom process issued by a court with subject matter jurisdiction may be served in an action brought against that carrier . . . ."

The record discloses that McAdams' trucks travel

through Nebraska as part of its interstate service, logging something less than 3 percent of its total miles within the state. There was no evidence that McAdams owns property in Nebraska, has customers in Nebraska, or has any contacts within the state other than the use of the interstate highway system.

The special appearance was sustained on the ground that the State of Nebraska had no jurisdiction over the defendant. The plaintiffs argue that such jurisdiction vested by reason of Neb. Rev. Stat. § 25-511 (Reissue 1979), § 21-20,114 (Reissue 1977), and §§ 25-536 and 25-408 (Reissue 1979).

Section 25-511 simply defines a method of serving process. It provides in part that "A summons against a corporation may be served . . . by a copy personally served upon the registered agent of the corporation . . . ." Section 21-20,114 states in part that "The registered agent so appointed by a foreign corporation authorized to transact business in this state shall be an agent . . . upon whom any process . . . may be served." However, because McAdams only transacted business in interstate commerce within the state, it was not required to appoint such registered agent provided by Nebraska law. See Neb. Rev. Stat. §§ 21-20,105 and 21-20,112 (Reissue 1977).

The plaintiffs' assertion that the courts of this state may exercise personal jurisdiction over McAdams under the provisions of § 25-536, the so-called "long arm statute," is without merit. The cause of action neither arose from the transaction of business by the defendant within the state, nor was the injury caused by act or omission occurring within the state or outside this state while the defendant regularly did or solicited business within the state, as required by that section.

Also relied upon by the plaintiffs as vesting jurisdiction over the defendant is § 25-408, which provides that an action such as the present one may be brought against a foreign corporation in any county

"where said defendant may be found." Although this is but a venue statute, it suggests the answer to our inquiry.

A defendant "may be found" in any county in which proper service can be had upon its agent. *Juckett v. Brennaman,* 99 Neb. 755, 157 N.W. 925 (1916). Jurisdiction over a foreign corporation may be exercised by consent of such corporation. *Brown v. Globe Laboratories, Inc.,* 165 Neb. 138, 84 N.W.2d 151 (1957). By designating an agent upon whom process may be served within this state, a defendant has consented to the jurisdiction in personam by the proper court. *Esperti v. Cardinale Trucking Corp.,* 263 A.D. 46, 31 N.Y.S.2d 253 (1941). The validity of service under the Motor Carrier Act, 49 U.S.C. § 321(c) (1976) (now 49 U.S.C. §10330(b) (Supp. IV 1980)), is not limited to causes of action arising out of commerce transacted by a foreign corporation within the state because the act deals with jurisdiction of the person. *Esperti, supra.*

In *Normann v. Burnham's Van Service,* 73 So. 2d 640 (La. App. 1954), appears the following language at 646: "There is no question that if plaintiff had caused citation in the suit to be served on the agent designated by appellant [defendant] pursuant to the Federal Act, the action could have been conducted as one in personam, as appellant would have been effectively brought into court by virtue of such citation." See, also, *Sansbury v. Schwartz,* 41 F. Supp. 302 (D.D.C. 1941); *Shapiro v. Southeastern Greyhound Lines,* 155 F.2d 135 (6th Cir. 1946).

However, the defendant has cited to us three cases which it claims are determinative of the issue in its favor: *Clark v. Babbitt Brothers, Inc.,* 260 S.C. 378, 196 S.E.2d 120 (1973); *King v. Motor Lines,* 219 N.C. 223, 13 S.E.2d 233 (1941); and *Davies v. Mahanes,* 88 F. Supp. 550 (D. Md. 1949). We believe that the cases are all distinguishable.

The facts in *Clark* were remarkably similar to those of the instant case. A resident of South Caro-

lina brought suit in a court of that state against a Wisconsin corporation for damages sustained by reason of an accident in Kentucky. Service was had on the defendant's resident agent appointed under the terms of the Motor Carrier Act. In affirming the action of the trial court, which had dismissed the service, the South Carolina court pointed out that the cause of action arose some 2 months *after* the date when the defendant ceased maintaining an agent for the transaction of business, or owning any property or transacting any business within the State of South Carolina.

*King* involved a situation wherein the residence of both parties and the accident site were all located in Tennessee. The North Carolina court refused to recognize service upon the resident agent appointed under the provisions of the Motor Carrier Act. In doing so, it relied on *Old Wayne Life Ass'n v. McDonough*, 204 U.S. 8, 27 S. Ct. 236, 51 L. Ed. 345 (1907), as "authority for the position that such attempted service will not suffice on a cause of action arising in another jurisdiction." *King, supra* at 224, 13 S.E.2d at 234. However, *Old Wayne* did not involve service upon a named resident agent, nor did the cause of action arise out of the interstate operation of a motor carrier. Rather, it was concerned with a corporation which was a nonresident of the forum state and an action on a contract executed in the state of residence of such corporation. Jurisdiction was attempted by service of summons on the insurance commissioner of the forum state as the implied agent for service, the foreign corporation having failed to comply with the laws of that state as to the appointment of a resident agent. The Supreme Court of the United States concluded that "such assent [to service] cannot properly be implied where it affirmatively appears . . . that the business was not transacted in Pennsylvania." *Old Wayne*, 204 U.S. at 22.

Although decided on another ground, the following

language touches on the question of personal juris-diction: "So interpreted section 321(c) seems to have no proper application to this case *where neither party* to the case *is a citizen or resident of this District,* where the tort sued for did not occur and where the defendant's truck at the time was not engaged in interstate transportation." (Emphasis supplied.) *Davies, supra* at 551.

The above three cases are not determinative of this issue. More nearly in point, and a case which contains a most exhaustive review of the authorities in this area of the law, is *State ex rel. v. Latourette,* 186 Or. 84, 205 P.2d 849 (1949). Most, if not all, of the cases cited in this opinion are examined in *Latour-ette.* This was a proceeding in mandamus to test the validity of service upon a resident agent ap-pointed in Oregon under the provisions of the Motor Carrier Act. The basic action was one in tort brought in the Oregon court by a Washington resident against a Washington carrier and arising out of an accident occurring in Washington. The ef-fect of the Oregon court's holding was that service was valid. The opinion stated: "That question can be stated this way: Does 49 U.S.C.A., § 321(c), mean that one who possesses a cause of action against an interstate motor carrier may sue the car-rier in any state in which it had appointed a statu-tory agent, or does it mean that the suit must be filed in one of the following states: (1) where the cause of action arose; (2) where the plaintiff re-sides; or (3) where the defendant resides; and if so, which one. . . . The language of 49 U.S.C.A., § 321(c), is sweeping and is free from qualifying passages. Nowhere does it manifest a preference for the state in which a prospective plaintiff dwells, nor for one in which the defendant lives, nor for the one in which the cause of action arose. It treats all states in which a process agent has been appointed with equal impartiality. We have no right to sub-tract anything from § 321(c) nor to insert prefer-

ences in it which the lawmaker omitted." *Latourette, supra* at 102, 205 P.2d at 857.

We hold that by appointing a resident agent for service as required by 49 U.S.C. § 321(c) (1976) (now 49 U.S.C. § 10330(b) (Supp. IV 1980)) a nonresident corporation has consented to jurisdiction within this state at least as to any cause of action arising out of its activities as a motor carrier in interstate commerce. Whether in this instance venue was properly laid in the District Court for Lancaster County, as provided for in § 25-408, is not before us at this time.

The judgment of the District Court is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

WHITE, J., concurs in the result.