MARCUS, Justice.
Robert Strange and his wife, Jean Graves Strange, purchased a swimming pool installation kit from defendant Terry Brown d/b/a Terry’s Pools. The kit was manufactured by defendants Imperial Pools, Inc. (Imperial) and The Vinyl Works, Inc. (Vinyl Works), nonresident corporations with their principal places of business in New York. Sometime after the purchase of the kit, the vinyl liner became defective and was replaced by the plaintiffs. Thereafter, the underlying steel supporting walls developed generalized rusting and pitting. After amicable demand without avail, the Stranges filed suit in the Ninth Judicial District Court for the Parish of Rapides, seeking damages including attorney fees. Service of process was effected upon Imperial and Vinyl Works in accordance with La.R.S. 13:3204, the provision for service of process under the Louisiana Long Arm Statute. After receipt of process, Imperial, Vinyl Works, and the Stranges engaged in negotiations for the repair of the defective supporting walls. When after more than a year’s time the necessary repairs had not been made, the Stranges became dissatisfied and sent Imperial and Vinyl Works a certified letter advising them that a responsive pleading should be filed within a specified time; otherwise, a judgment by default would be entered against them and thereafter confirmed. An affidavit setting forth proof of service of process together with return receipts for certified mail were filed in the record. Several months later, when no answer had been filed, a judgment by default was entered against them and thereafter confirmed.[1]
Imperial and Vinyl Works engaged local counsel in Rapides Parish, Bradley J. Ga-del, who filed a motion for a new trial. After a hearing, the judge denied defendants’ motion for a new trial, and they appealed devolutively to the Court of Appeal for the Third Circuit. After the delay for taking a suspensive appeal had elapsed, the *1207 judgment became executory. In aid of execution, the Stranges (judgment creditors) filed a motion for examination of Imperial and Vinyl Works (judgment debtors) in the Ninth Judicial District Court for the Parish of Rapides (the court which rendered the judgment against them). Imperial and Vinyl Works were ordered to appear in court for examination and to produce certain specified documents. The motion and order were directed to be served upon “The Vinyl Works, Inc. and Imperial Pools, Inc. through their attorney of record, Mr. Bradley J. Gadel, 628 Murray Street, Alexandria, Louisiana.” The sheriff’s return shows that personal service was made on Mr. Gadel.
Imperial and Vinyl Works then moved to dismiss the Stranges’ motion to examine the judgment debtors for insufficient service of process, for lack of jurisdiction over Imperial and Vinyl Works, and for improper venue under La.Code Civ.P. art. 2452. After a hearing, the trial judge denied defendants’ motion to dismiss. Imperial and Vinyl Works applied to the court of appeal for writs. Their application was denied. On defendants’ application to this court, we granted certiorari to review the correctness of the ruling of the trial court.[2]
Principally at issue in this case is La. Code Civ.P. art. 2452, which provides as follows:
Except as provided in the next paragraph, the written motion for the examination of a judgment debtor shall be filed, and the proceedings conducted, in the court which rendered the judgment.
If the judgment debtor is an individual who is domiciled in the state but not in the parish where the judgment was rendered, or who has changed his domicile to another parish after the institution of the suit, the written motion for his examination shall be filed, and the examination conducted, in a court of competent jurisdiction in the parish of his then domicile. If the judgment debtor is a nonresident, the petition for his examination shall be filed, and the examination conducted, in a court of competent jurisdiction in any parish where he may be found. In any case mentioned in this paragraph, a certified copy of the judgment shall be attached to the written motion for examination. [Emphasis added.]
Article 2452 is a venue statute which fixes the venue for a nonresident judgment debt- or examination “in any parish where [the judgment debtor] may be found.” Thus, in order to determine whether art. 2452 is satisfied in the instant case, we must first decide whether nonresident judgment debtors Imperial and Vinyl Works are “found” in Rapides Parish.
The word “found” is not defined in the Code of Civil Procedure. In order to determine its meaning for purposes of venue for the examination of a nonresident judgment debtor corporation, we turn by way of analogy to the general rules of venue contained in La.Code Civ.P. art. 42. Article 42 provides in relevant part:

[A]n action against:

[[Image here]]
5) Except as otherwise provided by R.S. 13:3471, a foreign corporation not licensed to do business in the state, or a nonresident who has not appointed an agent for the service of process in the manner provided by law, other than a foreign or alien insurer, shall be brought in a parish where the process may be, and subsequently is, served on the defendant [.] [Emphasis added.]
It readily appears that, at least with regard to nonresident or foreign corporate defendants, venue in actions against those defendants lies where service of process is effected. Accordingly, we hold that, for purposes of La.Code Civ.P. art. 2452, a nonresident judgment debtor corporation may be found in any parish in which proper service may be, and subsequently is, had upon it. Accord, Mittelstadt v. Rouzer, 213 Neb. 178, 328 N.W.2d 467 (1982) (stating same rule for a venue statute providing that an action may be brought against a foreign corporation in any county “where said defendant may be found”).
*1208 In order to determine whether the venue of this judgment debtor examination is proper in Rapides Parish, it is next necessary to determine whether Imperial and Vinyl Works were properly served in Rap-ides Parish with the motion and order for that examination through their attorney of record (Gadel). Service of citation or other process on a foreign corporation is made as set forth in La.Code Civ.P. art. 1261:
Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
If the corporation has failed to designate an agent for service of process, or if there is no registered agent by reason of death, resignation, or removal, service of the citation or other process may be made at any place where the business of the corporation is regularly conducted either:
(1) By personal service on any officer, director, or resident agent named in the articles of incorporation or in the last report previously filed with the secretary of state, or
(2) By personal service on any employee of suitable age and discretion.
If service on the corporation cannot be made as provided in art. 1261, then service of process may be made on the secretary of state in accordance with La.Code Civ.P. art. 1262:
If the officer making service certifies that he is unable, after diligent effort, to have service made as provided in Article 1261, then the service may be made personally on the secretary of state, or on a person in his office designated to receive service of process on corporations. The secretary of state shall forward this citation to the corporation at its last known, address.
In the instant case, there was no valid service of the motion and order to examine the judgment debtors (Imperial and Vinyl Works) since an attorney of record is not (1) a registered agent for service of process; (2) an officer, director, or resident agent named in the articles of incorporation or in the last report previously filed with the secretary of state; or (3) an employee, as contemplated by art 1261. Moreover, there was no service on the secretary of state under art. 1262. Hence, since no valid service of process was made upon Imperial or Vinyl Works in Rapides Parish, neither Imperial nor Vinyl Works is “found” in Rapides Parish for purposes of La.Code Civ.P. art. 2452, and therefore venue for the judgment debtor examination is improper in Rapides Parish under that article.[3]
We next address the judgment debtors’ contention raised in brief that service on their attorney of record of the motion and order to examine them and to produce various supporting documents constituted improper service of a subpoena duces tecum under La.Code Civ.P. art. 1355.[4] At the outset, it must be pointed out that while the judgment debtors characterize the order to produce various documents at the judgment debtor examination as a subpoena duces tecum, that order was actually only a part of the motion and order commanding the judgment debtors' presence at the examination.[5] The exami *1209 nation of a judgment debtor is a special proceeding for which the legislature has adopted special rules. Thus, the production of documents by the judgment debtor at his examination is governed by the special rule of La.Code P. art. 2458. Hence, La.Code Civ.P. art. 1355 (relating to subpoenas duces tecum in general) is not applicable here. Nevertheless, as discussed above, the service of the motion and order for examination of a judgment debtor and for production of supporting documents must be effected in accordance with La. Code Civ.P. arts. 1261 and 1262.[6] Since the motion and order for the examination of Imperial and Vinyl Works and for production of supporting documents were improperly served upon their attorney, the motion and order (including the so-called “subpoena duces tecum”) must be dismissed.
DECREE
For the reasons assigned, the judgment of the trial court is reversed. The motion and order for the examination of judgment debtors The Vinyl Works, Inc. and Imperial Pools, Inc. and for the production of supporting documents, through their attorney of record, Bradley J. Gadel, are dismissed.
LEMMON, J., concurs and assigns reasons.
CALOGERO, J., concurs for the reasons assigned by LEMMON, J.

. The judgment was in favor of the Stranges and against Imperial and Vinyl Works in solido in the amount of $30,500 together with attorney fees in the amount of $3,500 and all costs.

. 500 So.2d 413 (La.1987).

. Having found that service of process, and thus venue, are improper under the statute, we do not address the constitutional issues of jurisdiction raised by defendants. It is a long-standing judicial principle that courts will not consider constitutional challenges unless necessary to the resolution of a dispute. Benson & Gold Chevrolet, Inc. v. Louisiana Motor Vehicle Commission, 403 So.2d 13, 23 (La.1981), and cases cited therein.

. La.Code Civ.P. art. 1355 provides:
A subpoena shall be served and a return thereon made in the same manner and with the same effect as a service of and return on a citation. When a party is summoned as a witness, service of the subpoena may be made by personal service on the witness’ attorney of record.

.La.Code Civ.P. art. 2453 provides:
On ex parte written motion of the judgment creditor, personally or through his attorney, the court shall order the judgment debtor to appear in court for examination at a time fixed by the court, not less than five days from the date of service on him of the motion and order, and to produce any books, papers, and other documents relating to his property described in the motion.

. See text of La.Code Civ.P. arts. 1261 and 1262, supra.