**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AM TRUST, on behalf of itself and all others similarly situated,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>UBS AG,<br><br>        Defendant-Appellee. | No. 15-15343<br><br>D.C. No. 4:14-cv-04125-PJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted February 13, 2017
San Francisco, California

Before: BERZON and CLIFTON, Circuit Judges, and LASNIK,[**] District Judge.

AM Trust appeals the district court's order dismissing its case against UBS

AG for lack of personal jurisdiction and denying jurisdictional discovery. We

affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

AM Trust, a Bahamian trust whose beneficiaries are the heirs of a deceased Indonesian government official, filed a purported class action in the Northern District of California alleging several California state law claims against UBS, a Swiss bank. The complaint alleged mishandling of accounts with funds deposited in Switzerland, Singapore, and perhaps Indonesia. AM Trust argues that UBS is subject to general personal jurisdiction in California.[1]

AM Trust has not met its "burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). In *Daimler AG v. Bauman*, 134 S. Ct. 746, 760–62 (2014), the Supreme Court held that a corporation is typically subject to general personal jurisdiction only in a forum where it is incorporated or where it maintains its principal place of business. UBS's place of incorporation and principal place of business are in Switzerland, not California.

*Daimler* left open the possibility "that in an exceptional case" a corporation could be subject to general personal jurisdiction in a place other than these paradigmatic fora. *Id.* at 761 n.19 (citing *Perkins v. Benguet Consol. Mining Co.*,

---

[1] To the extent that AM Trust attempts to make a specific personal jurisdiction argument in its reply brief on the basis of claims of purported class members who deposited funds in California, that issue is waived because AM Trust failed to raise the issue in its opening brief. *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 n.6 (9th Cir. 2007).

342 U.S. 437, 447–49 (1952)).  AM Trust advocates a rule that would subject a large bank to general personal jurisdiction in any state in which the bank maintains a branch.  However, *Daimler* explained that "[a] corporation that operates in many places can scarcely be deemed at home in all of them."  *Id.* at 762 n.20.  UBS's operations in California are not "so substantial and of such a nature as to render the corporation at home in that State."  *Id.* at 761 n.19.

Additionally, AM Trust has not demonstrated that UBS has consented to general personal jurisdiction in California.  It is an open question whether, after *Daimler*, a state may require a corporation to consent to general personal jurisdiction as a condition of registering to do business in the state.  *Compare Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 640 (2d Cir. 2016) *with Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 769 (Fed. Cir. 2016) (O'Malley, J., concurring).  Regardless, even if UBS were registered to do business in California (and UBS contends that it is not registered), California does not require corporations to consent to general personal jurisdiction in that state when they designate an agent for service of process or register to do business.  *Bristol-Myers Squibb Co. v. Super. Ct.*, 377 P.3d 874, 884 (Cal. 2016), *cert. granted*, No. 16-466, 2017 WL 215687 (Jan. 19, 2017) ("The 'designation of an agent for service of process and qualification to do business in California alone are

3

insufficient to permit general jurisdiction.'") (quoting *Thomson v. Anderson*, 6 Cal. Rptr. 3d 262, 268 (Cal. Ct. App. 2003)); *see also King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 575 (9th Cir. 2011) ("[I]n the absence of broader statutory language or state court interpretations, the appointment of an agent for the service of process is, by itself, insufficient to subject foreign corporations to suits for business transacted elsewhere.").

Nor does UBS's acceptance of service of process in California in this case amount to consent to personal jurisdiction in that state. Service of process and personal jurisdiction are two different things. *See Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404–06 (9th Cir. 1994) (holding that service on a corporation's owner in Washington was effective but remanding to the district court to determine whether the corporation's contacts in Washington were sufficient to support personal jurisdiction). Additionally, jurisdiction arising from personal service on a physically present defendant, also known as "tag" jurisdiction, "does not apply to corporations." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1064 (9th Cir. 2014). Furthermore, AM Trust has cited nothing to support its contention that any consent UBS may have given to personal jurisdiction in California in other cases would amount to consent to personal jurisdiction in this case. *Cf. Dow Chem. Co. v. Calderon*, 422 F.3d 827, 835 (9th Cir. 2005) (providing a limited basis on which a

4

party may be required to submit to personal jurisdiction in a forum in which the party "has affirmatively sought the aid of [a] court[] with regard to . . . the same transaction with the same party.").

The district court did not abuse its discretion in rejecting AM Trust's request for jurisdictional discovery. AM Trust did not provide the district court, nor has it provided this court, with any reason to suppose that jurisdictional discovery would reveal facts that would demonstrate that UBS is subject to general personal jurisdiction in California. It certainly has not made "the clearest showing that denial of discovery result[ed] in actual and substantial prejudice." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

The parties' motions for judicial notice (Docket Nos. 13, 26, 33, and 44) are GRANTED. The motion by Earl Strunk and Eric Phelps to file an amicus curiae brief (Docket No. 19) is DENIED for failure to comply with Federal Rule of Appellate Procedure 29(a) and Ninth Circuit Rule 29-3.

**AFFIRMED.**