Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/22/2020 08:09 AM CDT

Alexander Lanham, appellant and cross-appellee,
v. BNSF Railway Company, appellee
and cross-appellant.
___ N.W.2d ___

Filed February 28, 2020.    No. S-19-114.

1. **Judgments: Jurisdiction: Appeal and Error.** When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court's.
2. **Constitutional Law: Due Process: Jurisdiction: Words and Phrases.** Personal jurisdiction is the power of a tribunal to subject and bind a particular person or entity to its decisions. This power is limited by the 14th Amendment's Due Process Clause because a state court's assertion of jurisdiction exposes defendants to the state's coercive power.
3. **Constitutional Law: Due Process.** The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he or she has established no meaningful contacts, ties, or relations.
4. **Constitutional Law: Jurisdiction: Statutes: Due Process: States.** A two-step analysis is used to determine whether a Nebraska court may validly exercise personal jurisdiction over an out-of-state defendant. First, a court must consider whether Nebraska's long-arm statute authorizes the exercise of personal jurisdiction over the defendant. Second, a court must consider whether the exercise of personal jurisdiction over the defendant comports with due process.
5. **Constitutional Law: Due Process: Jurisdiction: States: Appeal and Error.** Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536 (Reissue 2016), extends Nebraska's jurisdiction over nonresidents having any contact with or maintaining any relation to this state as far as the U.S. Constitution permits. Thus, an appellate court needs only to look to the Due Process Clause when determining personal jurisdiction.
6. **Due Process: Jurisdiction: States.** Generally, the analysis of whether a court has personal jurisdiction over a defendant requires a determination

of whether the defendant's minimum contacts with the forum state are such that the defendant should reasonably anticipate being haled into court there. However, this analysis is not required when the parties have consented to the exercise of personal jurisdiction.

7. **Jurisdiction: Waiver.** Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.

8. ____: ____. In order to be valid, the waiver of the requirement of personal jurisdiction must, at the very least, be clear.

9. **Due Process: Jurisdiction: Corporations.** The Due Process Clause precludes a state from exercising general jurisdiction over a corporation that is not at home in the forum.

10. **Jurisdiction: States: Corporations.** Absent exceptional circumstances, a corporation is only at home in two places: the state in which it is incorporated and the state in which its principal place of business is located.

11. **Jurisdiction: Corporations.** A corporation's registration under Neb. Rev. Stat. § 21-19,152 (Reissue 2012) does not provide an independent basis for the exercise of general jurisdiction.

Appeal from the District Court for Lancaster County: Robert R. Otte, Judge. Reversed.

Corey L. Stull and Jeanette Stull, of Atwood, Holsten, Brown, Deaver & Spier, P.C., L.L.O, and Christopher H. Leach, of Hubbell Law Firm, L.L.C., for appellant.

Nichole S. Bogen, of Lamson, Dugan & Murray, L.L.P., Wayne L. Robbins, Jr., of Robbins Travis, P.L.L.C., and Andrew S. Tulemello, of Gibson, Dunn & Crutcher, L.L.P., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

This is an appeal from a negligence action under the Federal Employers' Liability Act (FELA).[1] Appellant, Alexander Lanham, appeals the order of the district court for Lancaster

---

[1] 45 U.S.C. §§ 51 through 60 (2012).

County, Nebraska, granting summary judgment in favor of appellee, BNSF Railway Company (BNSF). BNSF cross-appeals, arguing the district court erred in holding that it had personal jurisdiction over BNSF. We reverse the district court's order overruling BNSF's motion to dismiss for lack of jurisdiction.

## BACKGROUND

On January 16, 2014, Lanham was seriously injured while working for his employer, BNSF, on a section of train tracks near Houston, Texas. Lanham generally worked for BNSF as a track laborer on a rail production "gang" in Iowa, Nebraska, and Minnesota. Rail production gangs work to repair and replace rail on train tracks. Lanham's regular gang "shut down" during the winter months. To avoid a layoff during the winter of 2013, Lanham bid for a position replacing railroad ties in Texas, with the intent to return to his regular rail gang position when it opened back up in March. Lanham was working on a section of train tracks in Texas when he hit his foot with a sledge hammer and sustained injuries as a result.

Lanham filed a complaint in the district court under FELA, alleging BNSF was negligent in failing to provide him with a reasonably safe place to work, reasonably safe equipment for work, and reasonably safe methods for work. Lanham further alleged that his injuries were a result of BNSF's negligence.

At the time Lanham's complaint was filed, he was a resident of Dorchester, Nebraska. BNSF is a Delaware corporation with its principal place of business in Fort Worth, Texas. BNSF currently operates railroads in 28 states, including Nebraska. Pursuant to Neb. Rev. Stat. § 21-19,152 (Reissue 2012), BNSF registered with the Secretary of State to do business in Nebraska and designated an agent for service of process in the state.

BNSF filed a motion to dismiss the complaint on the grounds that the district court had neither general nor specific jurisdiction over BNSF. Citing a U.S. Supreme Court case decided in

2014,[2] BNSF argued the district court lacked general jurisdiction because BNSF was incorporated in Delaware and has its principal place of business in Fort Worth; thus, BNSF is not "'at home'" in Nebraska. BNSF also argued that the district court lacked specific jurisdiction over BNSF because Lanham's injuries had occurred in Texas, and the complaint failed to allege any connection between those injuries and Nebraska, or BNSF's activities in Nebraska.

The district court overruled the motion to dismiss after finding that BNSF consented to personal jurisdiction by registering to do business in Nebraska under § 21-19,152. In its order, the district court extensively relied on the holding of the U.S. District Court for the District of Nebraska in *Consolidated Infrastructure Group, Inc. v. USIC, LLC*.[3] *Consolidated Infrastructure Group, Inc.* is an unpublished opinion in which the court concluded that under Nebraska law, "'[b]y designating an agent upon whom process may be served within this state, a defendant has consented to the jurisdiction in personam by the proper court'"[4] based on this court's prior holding in *Mittelstadt v. Rouzer*.[5]

Because the district court found that BNSF had consented to personal jurisdiction, the court did not engage in an analysis of BNSF's minimum contacts in the state. However, it quoted *Consolidated Infrasructure Group, Inc.*[6] and noted that BNSF's "'activities in this state are not the sort of random or attenuated conduct that has been insufficient to confer jurisdiction on the court.'"

---

[2] *Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014).

[3] *Consolidated Infrastructure Group, Inc. v. USIC, LLC*, No. 8:16CV472, 2017 WL 2222917 (D. Neb. May 18, 2017) (unpublished opinion).

[4] *Id.* at *7 (quoting *Mittelstadt v. Rouzer*, 213 Neb. 178, 328 N.W.2d 467 (1982)).

[5] *Mittelstadt, supra* note 4.

[6] See *Consolidated Infrastructure Group, Inc., supra* note 3.

BNSF subsequently filed a motion for summary judgment on the grounds that the district court lacked personal jurisdiction over BNSF and, alternatively, that Lanham was unable to present any evidence of BNSF's negligence. The district court overruled the motion on the issue of jurisdiction and sustained it on the issue of negligence.

Lanham appeals the district court's order granting summary judgment in favor of BNSF. BNSF filed a cross-appeal, arguing that the district court erred in holding it had personal jurisdiction over BNSF.

## ASSIGNMENTS OF ERROR

Lanham's sole assignment of error is that the district court erred in granting summary judgment in favor of BNSF. In its cross-appeal, BNSF assigns, restated, that the district court erred in holding BNSF's registration to do business in the State of Nebraska constituted consent to personal jurisdiction.

## STANDARD OF REVIEW

[1] When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court's.[7]

## ANALYSIS

BNSF argues that Nebraska law does not provide for consent by registration and that even if Nebraska's registration statute could be construed to extract consent to personal jurisdiction, such an exercise of general jurisdiction would violate the Due Process Clause of the U.S. Constitution. Because we believe this issue is dispositive, we will discuss it first.

[2,3] Personal jurisdiction is the power of a tribunal to subject and bind a particular person or entity to its decisions.[8]

---

[7] *Hand Cut Steaks Acquisitions v. Lone Star Steakhouse*, 298 Neb. 705, 905 N.W.2d 644 (2018).

[8] *Id.*

This power is limited by the 14th Amendment's Due Process Clause because "'[a] state court's assertion of jurisdiction exposes defendants to the State's coercive power.'"[9] The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he or she has established no meaningful contacts, ties, or relations.[10]

[4] A two-step analysis is used to determine whether a Nebraska court may validly exercise personal jurisdiction over an out-of-state defendant.[11] First, a court must consider whether Nebraska's long-arm statute authorizes the exercise of personal jurisdiction over the defendant.[12] Second, a court must consider whether the exercise of personal jurisdiction over the defendant comports with due process.[13]

[5] Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536 (Reissue 2016), extends Nebraska's jurisdiction over nonresidents having any contact with or maintaining any relation to this state as far as the U.S. Constitution permits.[14] Thus, we need only look to the Due Process Clause when determining personal jurisdiction.[15]

[6-8] Generally, this analysis requires a determination of whether the defendant's minimum contacts with the forum state are such that the defendant should reasonably anticipate

---

[9] *Bristol-Myers Squibb v. Superior Ct. of CA*, ___ U.S. ___, 137 S. Ct. 1773, 1779, 198 L. Ed. 2d 395 (2017) (quoting *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011)).

[10] *Ameritas Invest. Corp. v. McKinney*, 269 Neb. 564, 694 N.W.2d 191 (2005) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).

[11] *Hand Cut Steaks Acquisitions, supra* note 7.

[12] *Id.*

[13] *Id.*

[14] *Abdouch v. Lopez*, 285 Neb. 718, 829 N.W.2d 662 (2013).

[15] See *id.*

being haled into court there.[16] However, this analysis is not required when the parties have consented to the exercise of personal jurisdiction.[17] "Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."[18] In order to be valid, the waiver "must, at the very least, be clear."[19]

*Consent by Registration.*

In concluding that BNSF had consented to jurisdiction in Nebraska, the district court relied on this court's prior holding in *Mittelstadt*,[20] where we appear to have held that a corporation's appointment of an agent for service constitutes implied consent to general jurisdiction in the state.[21] In that case, Nebraska residents sued an Arkansas corporation for damages arising out of an automobile accident that occurred in Arizona, and the defendant corporation had no contacts with Nebraska other than its trucks' limited use of the highways.[22] We held that by appointing a resident agent for service as required by the federal Motor Carrier Act, the "nonresident corporation ha[d] consented to jurisdiction within this state at least as to any cause of action arising out of its activities as a motor carrier in interstate commerce."[23]

The reasoning in *Mittelstadt* reflects the 19th century's traditional view of personal jurisdiction, where personal jurisdiction could be obtained over a nonresident by personal service

---

[16] *McKinney, supra* note 10.

[17] See *id.*

[18] *Insurance Corp. v. Compagnie des Bauxites*, 456 U.S. 694, 703, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982).

[19] *Fuentes v. Shevin*, 407 U.S. 67, 95, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972) (emphasis omitted).

[20] *Mittelstadt, supra* note 4.

[21] See John P. Lenich, Nebraska Civil Procedure § 3:9 (2019).

[22] *Mittelstadt, supra* note 4.

[23] *Id.* at 184, 328 N.W.2d at 470.

in the state.[24] Under the rigid territorial approach espoused in the U.S. Supreme Court case of *Pennoyer v. Neff*,[25] state courts could only exercise personal jurisdiction over a defendant that was physically present within the state's borders because a tribunal's jurisdiction was limited to the territorial limits of the state in which it was established. A natural person was deemed to be physically present in a state and subject to personal jurisdiction if he or she could be served with process in the state.[26] However, because a corporation was only deemed to be physically present in its state of incorporation, courts lacked authority to exercise personal jurisdiction over out-of-state corporations.[27]

With the rise of interstate commerce, many states began "assimilating corporations to natural persons"[28] and enacted statutes requiring foreign corporations to appoint an instate agent for service of process when seeking to do business in the state.[29] Based on this "purely fictional" doctrine of "consent and presence," courts permitted substituted service on a foreign corporation's registered instate agent.[30] In 1917 and 1939, the U.S. Supreme Court endorsed this procedure in *Penna. Fire Ins. Co. v. Gold Issue Mining Co.*[31] and *Neirbo Co. v. Bethlehem Corp.*[32]

---

[24] See *Burnham v. Superior Court of Cal., Marin County*, 495 U.S. 604, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990).

[25] *Pennoyer v. Neff*, 95 U.S. 714, 24 L. Ed. 565 (1877).

[26] *Id.*

[27] *St. Clair v. Cox*, 106 U.S. 350, 1 S. Ct. 354, 27 L. Ed. 222 (1882).

[28] See *Neirbo Co. v. Bethlehem Corp.*, 308 U.S. 165, 169, 60 S. Ct. 153, 84 L. Ed. 167 (1939).

[29] *Neirbo Co., supra* note 28.

[30] *Burnham, supra* note 24, 495 U.S. at 618 (plurality opinion).

[31] *Penna. Fire Ins. Co. v. Gold Issue Mining Co.*, 243 U.S. 93, 37 S. Ct. 344, 61 L. Ed. 610 (1917).

[32] *Neirbo Co., supra* note 28.

*Mittelstadt* was decided in 1982.[33] At that time, many other states had similarly held that a foreign corporation's authorization of an agent to accept service of process within a state constitutes consent to personal jurisdiction in the state.[34] Since that time, the U.S. Supreme Court's jurisprudence regarding the scope of general jurisdiction permitted by the Due Process Clause has resulted in a tremendous shift.

In 2011 and 2014, the U.S. Supreme Court set significantly narrower due process limits on the states' exercise of general jurisdiction over out-of-state corporations. The Court abandoned the territorial approach of *Pennoyer*,[35] and the central focus became the "'relationship among the defendant, the forum, and the litigation.'"[36]

In *Goodyear Dunlop Tires Operations, S. A. v. Brown*,[37] the Court clarified the difference between general (all-purpose) jurisdiction and specific jurisdiction when holding that general jurisdiction over a defendant is limited to jurisdictions in which the defendant's contacts "render them essentially at home in the forum State." In doing so, the Court articulated: "A corporation's 'continuous activity of some sorts within a state,' . . .

---

[33] *Mittelstadt, supra* note 4.

[34] See, e.g., *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1200 (8th Cir. 1990) (applying Minnesota law when holding "[a]ppointment of a registered agent for service is . . . a traditionally recognized and well-accepted species of general consent"); *Bohreer v. Erie Ins. Exchange*, 216 Ariz. 208, 214, 165 P.3d 186, 192 (Ariz. App. 2007) ("by agreeing to appoint an agent for service of process to do business in a state, a foreign corporation expressly consents to general personal jurisdiction without any need for minimum contact analysis"). See, also, *Merriman v. Crompton Corp.*, 282 Kan. 433, 146 P.3d 162 (2006); *Sternberg v. O'Neil*, 550 A.2d 1105 (Del. 1988); *Sharkey v. Washington Nat. Ins. Co.*, 373 N.W.2d 421 (S.D. 1985).

[35] *Pennoyer, supra* note 25.

[36] *Daimler AG, supra* note 2, 571 U.S. at 133 (quoting *Shaffer v. Heitner,* 433 U.S. 186, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977)).

[37] *Goodyear Dunlop Tires Operations, S. A., supra* note 9, 564 U.S. at 919.

'is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'"[38]

[9,10] In *Daimler AG v. Bauman*,[39] the Court made clear that the Due Process Clause precludes a state from exercising general jurisdiction over a corporation that is not "'at home in the forum.'" The Court clarified that absent exceptional circumstances, a corporation is only at home in two places: the state in which it is incorporated and the state in which its principal place of business is located.[40] The Court rejected the argument that a foreign corporation's "'continuous and systematic'" business activities in a state are sufficient for the exercise of general jurisdiction as being inconsistent with due process.[41] The Court stated that this type of "global reach" was "unacceptably grasping" and "exorbitant."[42] The Court also warned that cases "decided in the era dominated by *Pennoyer*'s territorial thinking . . . should not attract heavy reliance today."[43]

In the present case, the district court concluded BNSF had consented to jurisdiction based solely on its compliance with § 21-19,152.

Section 21-19,152 provides:

Each foreign corporation authorized to transact business in this state must continuously maintain in this state:

(1) A registered office with the same address as that of its current registered agent. A post office box number may be provided in addition to the street address of the registered agent; and

---

[38] *Id.*, 564 U.S. at 927 (quoting *Internat. Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

[39] *Daimler AG, supra* note 2, 571 U.S. at 122 (quoting *Goodyear Dunlop Tires Operations, S. A., supra* note 9).

[40] *Daimler AG, supra* note 2.

[41] *Id.*, 571 U.S. at 138 (quoting *Internat. Shoe, supra* note 38).

[42] *Id.*, 571 U.S. at 137, 139.

[43] *Id.*, 571 U.S. at 138 n.18.

(2) A registered agent, who may be:

(i) An individual who resides in this state and whose office is identical with the registered office;

(ii) A domestic business or nonprofit corporation whose office is identical with the registered office; or

(iii) A foreign business or nonprofit corporation authorized to transact business in this state whose office is identical with the registered office.

Section 21-19,152 does not explicitly state that compliance with the statute constitutes a waiver of the foreign corporation's right to require personal jurisdiction. Therefore, BNSF could not be said to have expressly consented to jurisdiction by merely complying with the statute. Lanham asserts that a corporation's consent may be implied when § 21-19,152 operates in tandem with Neb. Rev. Stat. § 21-2,207(b) (Cum. Supp. 2018). Section 21-2,207(b) includes a provision stating that a foreign corporation with a valid certificate of authority "is subject to the same duties, restrictions, penalties, and liabilities now or later imposed on a domestic corporation of like character." But, even assuming BNSF's registration to do business in Nebraska constitutes implied consent, the exercise of personal jurisdiction must comport with due process.

We conclude that treating BNSF's registration to do business in Nebraska as implied consent to personal jurisdiction would exceed the due process limits prescribed in *Goodyear Dunlop Tires Operations, S. A.*[44] and *Daimler AG*.[45] Currently, every state requires a foreign corporation "doing business in the state to register . . . and appoint an agent for service of process."[46] Consequently, consent by registration would permit a corporation to be subject to general jurisdiction in every state in which it does business. This is the same type of "global reach"

---

[44] *Goodyear Dunlop Tires Operations, S. A., supra* note 9.

[45] *Daimler AG, supra* note 2.

[46] Tanya J. Monestier, *Registration Statutes, General Jurisdiction, and the Fallacy of Consent*, 36 Cardozo L. Rev. 1343, 1363 (2015).

jurisdiction the U.S. Supreme Court expressly rejected as being inconsistent with due process.[47] The Second Circuit Court of Appeals has observed:

> If mere registration and the accompanying appointment of an in-state agent—without an express consent to general jurisdiction—nonetheless sufficed to confer general jurisdiction by implicit consent, every corporation would be subject to general jurisdiction in every state in which it registered, and *Daimler's* ruling would be robbed of meaning by a back-door thief.[48]

[11] Since *Daimler AG* was decided, the vast majority of state and federal courts have rejected consent by registration as being irreconcilable with *Goodyear Dunlop Tires Operations, S. A.* and *Daimler AG*.[49] In light of the due process limits prescribed in *Goodyear Dunlop Tires Operations, S. A.* and *Daimler AG*, we join the majority of jurisdictions and hold that a corporation's registration under § 21-19,152 does not provide

---

[47] See *Daimler AG, supra* note 2, 571 U.S. at 139.

[48] *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 640 (2d Cir. 2016).

[49] See, e.g., *Genuine Parts Co. v. Cepec*, 137 A.3d 123, 145 n.120 (Del. 2016) (overruling *Sternberg v. O'Neil*, 550 A.2d 1105 (Del. 1988), and holding consent by registration is incompatible with *Daimler AG*); *Howe v. Samsung Electronics America, Inc.*, No. 1:16cv386, 2018 WL 2212982 at *5 (N.D. Fla. Jan. 5, 2018) (unpublished opinion) ("requirement to designate a registered agent is not intended to—and in any event under the Due Process Clause could not—subject a corporation to an action over which a state's courts cannot properly exercise jurisdiction. Were it otherwise, the Supreme Court's decisions recognizing limits on personal jurisdiction over out-of-state corporations would be nearly meaningless"). See, also, *Am Trust v. UBS AG*, 681 Fed. Appx. 587 (9th Cir. 2017); *Beasley v. Providence Hospital*, No. 18-0004, 2018 WL 2994380 (S.D. Ala. June 13, 2018) (unpublished opinion); *Perry v. JTM Capital Management, LLC*, Nos. 17 C 7601, 17 C 7769, 2018 WL 1635855 (N.D. Ill. Apr. 5, 2018) (unpublished opinion). But see *American Dairy Queen Corporation v. W.B. Mason Co.*, Inc., No. 18-cv-693, 2019 WL 135699 (D. Minn. Jan. 8, 2019) (unpublished opinion) (holding consent by registration remains independent basis for personal jurisdiction).

an independent basis for the exercise of general jurisdiction. Accordingly, we overrule *Mittelstadt* to the extent that applying it outside the context of the federal Motor Carrier Act conflicts with *Daimler AG* and *Daimler AG*'s progeny.[50]

## *"At Home" for Purposes of General Jurisdiction.*

During oral argument, Lanham asserted that while BNSF is neither incorporated in nor maintains its principal place of business in Nebraska, exceptional circumstances exist making BNSF "at home" in the state. Lanham contends the fact that BNSF owns approximately $108 million of property in Nebraska, maintains 11 percent of its workforce in Nebraska, is the second highest tax payer in Nebraska, and has stated that Nebraska is one of the most important states in which it operates, suffices to make BNSF "at home" in the state for purposes of general jurisdiction. However, the U.S. Supreme Court rejected a similar argument in *BNSF Ry. Co. v. Tyrrell*.[51]

In *Tyrrell*, the Court held that notwithstanding BNSF's over 2,000 miles of railroad tracks and more than 2,000 employees in Montana, BNSF was not subject to general jurisdiction in Montana because BNSF is not incorporated in Montana, did not maintain its principal place of business in Montana, and was not "so heavily engaged in activity in Montana 'as to render [it] essentially at home' in that State."[52] The Court articulated that "'the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts.'"[53] Instead, the Court explained, "the inquiry 'calls for an appraisal of a corporation's activities in their entirety'; '[a] corporation

---

[50] See *Mittelstadt, supra* note 4.

[51] *BNSF Ry. Co. v. Tyrrell*, ___ U.S. ___, 137 S. Ct. 1549, 198 L. Ed. 2d 36 (2017).

[52] *Id.*, 137 S. Ct. at 1559 (quoting *Daimler AG, supra* note 2).

[53] *Id.*

that operates in many places can scarcely be deemed at home in all of them.'"[54]

Clarifying the "exceptional case," the *Tyrrell* Court recognized *Perkins v. Benguet Mining Co*.,[55] as an example of a case in which a corporation was "'at home'" in a forum other that its state of incorporation or principal place of business.[56] In *Perkins*, the defendant corporation was incorporated under the laws of the Philippines, where it operated gold and silver mines.[57] During the Japanese occupation of the Philippines in World War II, the corporation ceased its mining operations and the corporation's president moved to Ohio, "where he kept an office, maintained the company's files, and oversaw the company's activities."[58] The *Daimler AG* Court stated that the *Perkins* Court concluded that the corporation was subject to personal jurisdiction in Ohio because Ohio had become "'the corporation's principal, if temporary, place of business.'"[59]

In the present case, BNSF is not incorporated in Nebraska, nor does it maintain its principal place of business in Nebraska. BNSF is incorporated in Delaware, and it is undisputed that BNSF's principal place of business is in Fort Worth. All of BNSF's principal officers and managing departments are located in Texas, along with its central network operations center, which monitors BNSF's network operations and dispatches trains. BNSF's interstate rail system includes 32,500 miles of train tracks in 28 states and three Canadian provinces. Only 1,478 miles of these tracks are located in Nebraska, and only

---

[54] *Id.*

[55] *Perkins v. Benguet Mining Co*., 342 U.S. 437, 448, 72 S. Ct. 413, 96 L. Ed. 485 (1952).

[56] *Tyrrell, supra* note 51, 137 S. Ct. at 1558 (quoting *Daimler AG, supra* note 2).

[57] See *Daimler AG, supra* note 2.

[58] *Id.*, 571 U.S. at 129.

[59] *Id.* (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)).

4,479 of BNSF's 41,000 employees are employed in Nebraska. Finally, of BNSF's nationwide revenues, less than 8 percent are revenues from Nebraska.

BNSF's business in Nebraska, although significant, is not "so 'continuous and systematic' as to render [it] essentially at home"[60] in the state. Consequently, BNSF's business activities in Nebraska do not permit the exercise of general jurisdiction over BNSF for claims that are unrelated to BNSF's activity occurring in the state. We hold that BNSF is not "at home" in Nebraska for purposes of general jurisdiction.

## CONCLUSION

We conclude that the district court erred in determining it could exercise personal jurisdiction over BNSF for claims that are unrelated to BNSF's instate activity. Because of this determination, we do not reach Lanham's assignment of error. The district court's order overruling BNSF's motion to dismiss for lack of jurisdiction is reversed.

REVERSED.

---

[60] *Id.*, 571 U.S. at 127 (quoting *Goodyear Dunlop Tires Operations, S. A., supra* note 9).